UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mc-20492-ALTMAN/Becerra

IN RE:

MARTINEZ AND MSR MEDIA SKN LTD.,
_____/

**CARIBBEAN GALAXY REAL ESTATE CORPORATION AND YING JIN'S JOINDER
IN DR. TIMOTHY HARRIS' MOTION TO QUASH APPLICANTS' SUBPOENA**

Caribbean Galaxy Real Estate Corporation and Ying Jin (together, "Caribbean Galaxy"), through undersigned counsel and pursuant to 28 U.S.C. § 1782, make this limited appearance to respectfully join in Dr. Timothy Harris' Motion to Quash Applicants' Subpoena (ECF No. 10) (the "Motion to Quash").

**I.      JOINDER**

Caribbean Galaxy joins in and adopts Dr. Harris' Motion to Quash, including the arguments, objections, and relief requested therein, because that motion applies equally to Caribbean Galaxy.  As discussed in more detail on the Motion to Quash, this § 1782 proceeding stems from two defamation actions filed in St. Kitts and Nevis by Dr. Harris and Caribbean Galaxy against the § 1782 applicants, Philippe Martinez and MSR Media SKN LTD. (together, "Applicants"). Applicants asserted a "justification" defense in those actions. In purported support of their defense, Applicants seek to obtain from Bank of America bank records of Dr. Harris and Caribbean Galaxy. Applicants speculate that the discovery they seek from Bank of America may yield information (if any) which may assist them in the defamation proceedings in St. Kitts and Nevis.  However, as demonstrated in the Motion to Quash, the law of St. Kitts and Nevis does not allow such fishing expeditions. The information

1

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

sought cannot be "for use" in the defamation proceedings, as § 1782 requires, because the law of St. Kitts and Nevis would not have allowed Applicants to request information of Dr. Harris or Caribbean Galaxy or any third party to support the defamatory allegations made in relation to Dr. Harris or Caribbean Galaxy at the time of publication. The Motion to Quash establishes the subpoena does meet the statutory requirements and, therefore, should be quashed. This result applies equally to Caribbean Galaxy.

## II.   THE SUBPOENA WAS SERVED WITHOUT COMPLIANCE WITH RULE 45

Because the subpoena should be quashed for the reasons shown in the Motion to Quash, the Court need not reach this alternative ground to quash.  However, if the subpoena is not quashed for those reasons, it should be quashed on the alternative ground that Applicants did not comply with Rule 45(a)(4), Fed. R. Civ. P.  To the best of Caribbean Galaxy's knowledge, information, and belief, Applicants failed to serve a notice and a copy of the subpoena on Caribbean Galaxy before serving the subpoena on Bank of America, as required by Rule 45(a)(4).[1]  Quashing the subpoena on this basis is strongly warranted here because Applicants also obtained the § 1782 Order itself on an *ex parte* basis.

The unambiguous notice requirement of Rule 45(a)(4) applies to the subpoena.  As 28 U.S.C. § 1782(a) mandates, "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."  Therefore, the grant of an application under § 1782(a) does not end the inquiry, since the Court must also determine whether the

---

[1] Counsel for Caribbean Galaxy contacted Applicants' counsel to request evidence that prior notice and a copy of the subpoena was served upon Caribbean Galaxy.  No such evidence was provided as of the time of filing this joinder.

2

subpoena complies with the requirements of the Federal Rules of Civil Procedure, including Rule 45(a)(4):

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then **before it is served** on the person to whom it is directed, **a notice and a copy of the subpoena must be served on each party**. (emphasis added).

Here, it appears Applicants failed to provide Caribbean Galaxy with the prior notice required by Rule 45(a)(4). As a result, the subpoena should be quashed because "[a] court may properly quash a subpoena when the serving party [like Applicants here] fails to provide notice to another party." *FDIC v. Kaplan*, 2015 U.S. Dist. LEXIS 104517, at *7 (M.D. Fla. Aug. 10, 2015). In *Kaplan*, the district court granted a motion to quash a subpoena, holding that "[b]ecause Plaintiff failed to provide prior notice of the Subpoena, as required by Rule 45(a)(4), the Subpoena is void and unenforceable." *Id.*; *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (quashing subpoenas and holding "Plaintiff was obligated to give prior notice to Defendant by serving opposing counsel with the subpoenas. He failed to do so, and his subpoenas are void and unenforceable"); *accord Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (affirming district court's quashing of subpoenas issued without prior notice as Rule 45 required); *Bronson v. Henry Ford Health Sys.*, 2016 U.S. Dist. LEXIS 75004, at *6-7 (E.D. Mich. June 9, 2016) (quashing subpoena for failure to provide prior notice); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 U.S. Dist. LEXIS 140798, at *44 (M.D.N.C. Oct. 16, 2015) ("Because Defendants failed to comply with Rule 45(a)(4)'s prior notice requirement, the Court will quash the nonparty subpoenas.") (collecting cases); *Mirra v. Jordan*, 2014 U.S. Dist. LEXIS 77065, at *9 (S.D.N.Y. May 28, 2014) (holding "the notice provision is mandatory and failure to abide by this

3

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

requirement constitutes grounds to quash a subpoena") (collecting cases); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 U.S. Dist. LEXIS 197396, at *6 (C.D. Cal. Sep. 23, 2013) (same). The party who did not receive prior notice (here, Caribbean Galaxy) is not required to show prejudice, because prejudice is "anticipated by the existence of Rule [45(b)(4)]." *Martinez v. Target Corp.*, 278 F.R.D. 452, 453 (D. Minn. 2011) (rejecting party's argument that its subpoena should not be quashed for lack of prior notice because the opposing party had to show prejudice); *Solais*, 2015 U.S. Dist. LEXIS 140798, at *44 (citing *Martinez*).

As in *Kaplan*, the subpoena should be quashed and Applicants ordered to "immediately notify [Bank of America] that the Subpoena has been quashed and that it is not required to produce the requested documents at this time." 2015 U.S. Dist. LEXIS 104517, at *7-8. And if Applicants have already obtained documents from Bank of America or should receive documents before they can notify Bank of America that its compliance is no longer necessary, Applicants should be ordered to return or destroy all copies of such documents and certify same to the Court and the parties. *Solais*, 2015 U.S. Dist. LEXIS 140798, at *45; *Burch v. P. J. Cheese, Inc.*, 2010 U.S. Dist. LEXIS 143543, at *11 (N.D. Ala. Aug. 20, 2010).

**WHEREFORE**, Caribbean Galaxy respectfully joins Dr. Harris' Motion to Quash and respectfully requests the Court quash the subpoena issued to Bank of America, dismiss the § 1782 Application in its entirety, and grant Caribbean Galaxy such other and further relief as the Court deems just and proper.

4

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Caribbean Galaxy conferred with Applicants' counsel in a good faith effort to resolve the issues raised in herein and has been unable to do so. Counsel for Caribbean Galaxy conferred with counsel for Dr. Harris, who consented to Caribbean Galaxy's joinder in Dr. Harris' Motion to Quash.

Respectfully submitted:



Attorneys for Caribbean Galaxy
Real Estate Corp. and Ying Jin
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5155
Fax: (305) 372-2738

By:   */s/ Gregory J. Trask*
      Gregory J. Trask
      Email: gtrask@homerbonner.com
      Florida Bar No. 0055883
      Anthony M. Diblasi
      Email: adiblasi@homerbonner.com
      Florida Bar No. 117681

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Gregory J. Trask*
Gregory J. Trask