**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
C.A. No. 24-mc-20492-ALTMAN

In re Application of :
:
PHILIPPE MARTINEZ, :
MSR MEDIA SKN LTD., :
:
Applicants, for an Order Pursuant to :
28 U.S.C. § 1782 to Conduct Discovery :
for Use in Foreign Proceedings. :

**MEMORANDUM OF LAW IN SUPPORT OF APPLICANTS' OPPOSITION TO MOTION TO QUASH APPLICANTS' SUBPOENA AND TO CARIBBEAN GALAXY REAL ESTATE CORPORATION AND YING JIN'S JOINDER**

**MILLER & CHEVALIER CHARTERED**

Lisandra Ortiz, Esq. (Bar No. 112108)
Brian A. Hill (*pro hac vice*)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com
bhill@milchev.com
wbarry@milchev.com

Dated: March 13, 2024

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

**TABLE OF CONTENTS**


I. The Motion to Quash and Joinder Are Procedurally Improper. ........................................ 1

II. Applicants Have Met the Statutory Requirements of Section 1782. .................................. 2

III. The *Intel* Discretionary Factors Weigh in Favor of the Application. ................................ 7

IV. Service of the Subpoena Was Procedurally Proper. ........................................................ 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
673 F.3d 76 (2d Cir. 2012)....................4, 5, 6

*Bronson v. Henry Ford Health Sys.*,
No. 15-cv-10111, 2016 U.S. Dist. LEXIS 75004 (E.D. Mich. June 9, 2016) ....................10

*Burch v. P. J. Cheese, Inc.*,
No. 09-cv-1640, 2010 U.S. Dist. LEXIS 143543 (N.D. Ala. Aug. 20, 2010) ....................10

*In re Clerici*,
481 F.3d 1324 (11th Cir. 2007) ....................2, 4

*In re England/Bahamas*,
No. 20-MC-61696, 2021 WL 3270074 (S.D. Fla. July 30, 2021) ....................8

*In re EWE Gasspeicher GmbH*,
612 F. Supp. 3d 402 (D. Del. 2020)....................7

*FDIC v. Kaplan*,
No. 14-cv-2484-T, 2015 U.S. Dist. LEXIS 104517 (M.D. Fla. Aug. 10, 2015) ....................10

*Firefighters' Inst. for Racial Equal. v. City of St. Louis*,
220 F.3d 898 (8th Cir. 2000) ....................10

*Fla. Media, Inc. v. World Publ'ns, LLC*,
236 F.R.D. 693 (M.D. Fla. 2006)....................10

*Gyptec, S.A. v. Hakim-Daccach*,
No. 16-20810-CIV, 2017 U.S. Dist. LEXIS 181778 (S.D. Fla. Sept. 27, 2017)....................5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)....................4, 5, 7

*John Deere Ltd. v. Sperry Corp.*,
754 F.2d 132 (3d Cir. 1985)....................4

*Martinez v. Target Corp.*,
278 F.R.D. 452 (D. Minn. 2011)....................10

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
No. CV 12-02943, 2013 U.S. Dist. LEXIS 197396 (C.D. Cal. Sep. 23, 2013)....................10

*Mirra v. Jordan*,
No. 13 Civ. 5519, 2014 U.S. Dist. LEXIS 77065 (S.D.N.Y. May 28, 2014)....................10

*In re N. Am. Potash, Inc.*,
No. 12-20637-CV, 2012 U.S. Dist. LEXIS 195703 (S.D. Fla. Nov. 19, 2012)....................5, 8

*In re Pons*,
No. 19-23236-MC, 2020 WL 364125 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. Apr. 13, 2020) ....................................................................9

*In re Req. for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*,
117 F.R.D. 177 (S.D. Fla. 1987)...........................................................................5, 6

*Solais v. Vesuvio's II Pizza & Grill, Inc.*,
No. 15CV227, 2015 U.S. Dist. LEXIS 140798 (M.D.N.C. Oct. 16, 2015)............................10

*In re Terra Inv., LLC*,
No. 21-CV-23332, 2022 WL 18662732 (S.D. Fla. Nov. 7, 2022) ..........................................3

*U, V, W v. X, Y, Z*,
Claim No. BVI HC (Com) 108 (2016). ......................................................................3

Applicant Philippe Martinez and Applicant MSR Media SKN Ltd. (collectively, "Applicants") respectfully submit this Memorandum of Law in Support of their Opposition to Dr. Timothy Harris's ("Movant's") Motion to Quash Applicants' Subpoena ("Motion to Quash") and Caribbean Galaxy Real Estate Corporation and Ying Jin's (collectively "Caribbean Galaxy") Joinder in the Motion to Quash ("Joinder"). Movant seeks to quash this Court's Order [ECF No. 7], dated February 8, 2024, which granted Applicants' request to seek discovery from Bank of America, N.A. for use in ongoing defamation proceedings in the Federation of Saint Christopher and Nevis ("Foreign Defamation Proceedings"). The Opposition and Memorandum are further supported by a Second Declaration from Damian Kelsick, Applicants' local counsel and a highly regarded attorney in the Federation of Saint Christopher and Nevis ("St. Kitts and Nevis"), attached as Exhibit A. For the reasons stated herein, the Motion to Quash and Joinder are both procedurally and substantively flawed and should be denied.

## I. The Motion to Quash and Joinder Are Procedurally Improper.

On February 8, 2024, the Court granted Applicants' *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") [ECF No. 1], authorized Applicants to issue and serve the Subpoena, and ordered that the matter be closed. ECF No. 7. Movant and Caribbean Galaxy filed the instant Motion to Quash and Joinder in a closed, *ex parte* matter to which they are not parties. Although the Court reopened the matter *sua sponte* on March 8, 2024, neither Movant nor Caribbean Galaxy are parties to the matter and neither have sought to intervene under Rule 24 of the Federal Rules of Civil Procedure or otherwise. Accordingly, the Motion to Quash and Joinder are both procedurally improper and should be denied.

## II. Applicants Have Met the Statutory Requirements of Section 1782.

An application under § 1782 must make four threshold showings:

> "(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance."

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007); 28 U.S.C. § 1782(a). Movant, joined by Caribbean Galaxy, argues that Applicants have not met the third statutory factor—that the discovery be "for use" in the Foreign Defamation Proceedings—because the information requested would allegedly not be discoverable or admissible in the High Court of Justice in St. Kitts and Nevis. While, as discussed below and in the accompanying Second Declaration of Damian Kelsick, that assertion is not correct as a matter of foreign law, it is not what § 1782 requires in any event. The "for use" requirement is satisfied where the applicant

> "has the practical ability to inject the requested information into a foreign proceeding. . . . [A]s long as he or she makes that showing, it is not fatal to the application that he or she lacks a claim for relief before the foreign tribunal, whether for damages or otherwise. Rather, the term 'for use' in Section 1782 has only its ordinary meaning—that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'"

*In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *4 (S.D. Fla. Dec. 18, 2018).

Movant claims that the Subpoena is an "impermissible fishing expedition" because Applicants allegedly seek information to "'find out [their] defence, of which at present [they] know nothing.'" Mot. To Quash 7, ECF No. 10. In fact, and as Movant notes in his filing, Applicants have already plead their defense of justification, including pleading acts of corruption, signifying that they are seeking specific information in support of that defense rather than "fishing" for any possible information. *See* First Decl. of Damian E. S. Kelsick, ECF No. 1-5. The High Court of

Justice in the British Virgin Islands has defined "'fishing' for information" as "a situation where there is a dearth of material as a starting point." *U, V, W v. X, Y, Z*, Claim No. BVI HC (Com) 108, ¶ 34 (2016). That court further noted that

> if there are respectable grounds for thinking that there may be a claim and the claimant simply wants additional documents to plead the claim or which will enable him to ascertain whether an action would have reasonable prospects of success, an application could no more be described as a fishing expedition than could many applications for pre-action disclosure.

*Id.* at ¶ 35. Applicants are not trying here to *find* their defense to the Foreign Defamation Proceedings but are rather seeking "additional documents" to support the defense that they have already pleaded to the High Court of Justice in St. Kitts and Nevis. Applicants' request is therefore not a fishing expedition.[1]

Movant also attempts to fashion constraints of foreign discoverability and admissibility that are not required under Section 1782. He argues that, if the High Court of Justice in St. Kitts and Nevis would not itself authorize the requested discovery or will not admit the evidence, then it cannot be "for use" in the proceeding. Mot. to Quash 5–7. But parties rarely introduce every piece of evidence collected in a litigation, and such information is still "for use" in the proceeding withing the meaning of § 1782 even if it is never admitted at trial.

In *In re Bernal*, cited by Movant, the parties from whom discovery was sought moved to quash the subpoenas, arguing, in part, that the "for use" requirement was not met because discovery was closed in the foreign proceeding and therefore the evidence could not be used in the foreign

---

[1] Movant also inaptly relies on *In re Terra Inv., LLC*, No. 21-CV-23332, 2022 WL 18662732, at *4 (S.D. Fla. Nov. 7, 2022) to assert that a "fishing expedition" does not satisfy the "for use" requirement. In that case, however, the application was premised upon seeking evidence of an alleged loan swap scheme where the loan swap scheme was neither the subject of the ongoing litigation nor related to it. *Id.* The court found that requested discovery was not relevant, and therefore, "an impermissible fishing expedition." *Id.* On the contrary, the discovery sought in the Subpoena is directly relevant to the Foreign Defamation Proceedings because Applicants have pleaded a defense of justification based upon the corrupt acts of Movant, Caribbean Galaxy, and others. *See* First Kelsick Decl. ¶ 8.

proceeding. *Id.* at *4. The court rejected this argument, noting that the party seeking discovery still "has the practical ability to inject the requested information into the foreign proceeding because the [foreign court] has the discretion to admit information." *Id.* The court further noted that "[e]ven if the [foreign court] should ultimately decline to accept new evidence, the requested discovery would still be 'for use in a foreign proceeding' because [the party seeking the discovery] intends to offer it in good faith and argue for its admission." *Id.* at *5. The bottom line is that "the 'for use requirement is not limited to the actual receipt of materials into evidence in the foreign proceeding" because § 1782 "contains no requirement that particular evidence be admissible in a foreign proceeding to be considered 'for use in a proceeding in a foreign or international tribunal.'" *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012). Here, the Foreign Defamation Proceedings have just begun and the parties have just exchanged initial pleadings. The evidence sought by Applicants will be "for use" in those foreign proceedings because their counsel in St. Kitts and Nevis, Mr. Kelsick, will offer the evidence in support of their defense—regardless of whether the Court ultimately chooses to accept the documents into evidence. Second Kelsick Decl. ¶ 7.

Indeed, courts at every level of the federal judiciary have explicitly rejected a requirement that the discovery sought pursuant to Section 1782 be discoverable or admissible in the foreign court. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 261 (2004); *In re Clerici*, 481 F.3d 1324, 1333 n.12 (11th Cir. 2007); *Brandi-Dohrn*, 673 F.3d at 82 (2d Cir. 2012) ("While *Intel* concerned the *discoverability* of evidence in the foreign proceeding, we see no reason why it should not extend to the *admissibility* of evidence in the foreign proceeding. As in *Intel*, there is no statutory basis for any admissibility requirement."); *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 137–38 (3d Cir. 1985) ("the ultimate admissibility of the discovered material [cannot] be

argued as a limit on section 1782 orders" and "a district court is not to predict the admissibility of discovered evidence in foreign tribunals"), *cited in In re Req. for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 117 F.R.D. 177 (S.D. Fla. 1987); *In re N. Am. Potash, Inc.*, No. 12-20637-CV, 2012 U.S. Dist. LEXIS 195703 at *22 (S.D. Fla. Nov. 19, 2012) ("In fact, for purposes of § 1782, district courts should consider neither discoverability or admissibility in the foreign proceeding."); *Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-CIV, 2017 U.S. Dist. LEXIS 181778 at *22 (S.D. Fla. Sept. 27, 2017) ("The fact that a Colombian court may ultimately decide that the evidence is not admissible has no bearing on whether Gyptec is entitled to the discovery pursuant to Section 1782."). Section 1782 thus places no restriction on a request for discovery requiring that the applicant prove that the evidence would be discoverable or admissible in the foreign court. In fact, to do so would undermine the objective of Section 1782. *See Intel*, 542 U.S. at 262; *Brandi-Dohrn*, 673 F.3d at 82.

Movant's argument also implicitly requires this Court to adjudicate whether the evidence would be discoverable and admissible under the laws of a foreign court. But it is not the role of this Court to rule on the technical aspects of discovery and admissibility in the courts of St. Kitts and Nevis. As numerous courts in this district have noted, specialized legal questions of discoverability and admissibility are best left to the foreign court, which can choose whether or not to admit the evidence obtained pursuant to Section 1782. *See, e.g. In re N. Am. Potash, Inc.*, 2012 U.S. Dist. LEXIS 195703, at *22–23 ("[C]ourts should err on the side on ordering discovery, since foreign courts can easily disregard any material that they do not wish to consider. In other words, the foreign court can easily protect itself from the effects of any discovery order by a district court that inadvertently offends its practice.") (internal citations omitted); *In re Bernal*, 2018 WL 6620085 at *5 ("If the Spanish Court determines that Mr. Bernal cannot introduce any new

evidence, it can simply exclude that evidence from consideration, but that is a determination for the Spanish Court to make."); *Brandi-Dohrn*, 673 F.3d at 82 (The foreign court "is free to exclude the evidence or place conditions on its admission. Indeed, requiring a district court to apply the admissibility laws of the foreign jurisdiction would require interpretation and analysis of foreign law and such '[c]omparisons of that order can be fraught with danger.'"). As one court has put it:

> "Our courts should not become entangled in interpreting foreign law when deciding whether to grant requests for judicial assistance. So long as the requests do not contravene the laws of the United States, they should be honored. It should be the responsibility of the parties before the foreign tribunal to argue the technical and procedural questions of local law, such as the admissibility of evidence. Foreign tribunals are far more competent to decide issues of their own making than are United States courts. If the situation were reversed, this Court would certainly prefer to interpret United States law rather than have a foreign tribunal sit in judgment."

*In re Req. for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 117 F.R.D. at 178. As evidenced by the competing legal arguments of Movant's declarant and Applicants' counsel in St. Kitts and Nevis, the question of admissibility at trial must ultimately be decided by the High Court of Justice in St. Kitts and Nevis, which has the requisite knowledge of its own law to decide the issue. *See In re Req. for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 117 F.R.D. at 180 ("[T]he battle of experts witnessed in this case is compelling evidence for abstention and deference. This issue is better left to a judicial tribunal in Trinidad.")

Applicants respectfully submit that this Court should not engage in the nuanced interpretation of the law of St. Kitts and Nevis Movant demands. For the reasons stated above, the evidence sought is "for use" in the Foreign Defamation Proceedings for the purposes of Section 1782—regardless of its discoverability and ultimate admissibility under the law of St. Kitts and Nevis—and the High Court of Justice in St. Kitts and Nevis is the proper forum to address Movant's admissibility concerns.

### III. The *Intel* Discretionary Factors Weigh in Favor of the Application.

Movant also asserts that three of the four *Intel* factors weigh against discovery and that the Court should quash the Subpoena on that basis. The Supreme Court has enumerated the following non-exhaustive factors to guide the court's decision-making:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and the character of the proceedings; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome.

*In re EWE Gasspeicher GmbH*, 612 F. Supp. 3d 402, 404 (D. Del. 2020) (citing *Intel Corp.*, 542 U.S. at 264-65). For the reasons articulated in the original Application and reiterated herein, all four *Intel* factors, including those noted by Movant, continue to weigh in favor of the discovery the Court has already ordered.

*First*, Bank of America, N.A. is not a party to the Foreign Defamation Proceedings and therefore beyond the jurisdictional reach of the courts in St. Kitts and Nevis. Movant has not disputed that this factor weighs in favor of Applicants.

*Second*, Movant has not sufficiently demonstrated that the High Court of Justice in St. Kitts and Nevis would not be receptive to the assistance of this Court. As noted in *In re Bernal*, absent "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782," the court should generally favor the application and aims of Section 1782 in providing international legal assistance to litigants and courts. *In re Bernal*, at *6–7 (emphasis in original). Movant has not submitted a definitive statement from the High Court of Justice in St. Kitts and Nevis that undoubtedly indicates the evidence will not be permitted. Indeed, the dueling affidavits of Mr. Kelsick and Mr. Carrington indicate that this is a question that must be left to the courts of St. Kitts and Nevis to resolve. Therefore, the second factor weighs in favor of Applicants.

*Third*, Movant claims that Applicants are attempting to circumvent proof-gathering restrictions in St. Kitts and Nevis. That is simply untrue. As demonstrated in Section II, *supra*, there is no explicit or implicit requirement that the evidence sought be discoverable or admissible in the foreign court. But even assuming *arguendo* that the evidence was not discoverable or not ultimately admitted by the High Court of Justice, that fact "is not enough to convert the § 1782 application into an attempt to circumvent the foreign rules." *In re England/Bahamas,* No. 20-MC-61696, 2021 WL 3270074, at *6 (S.D. Fla. July 30, 2021); *see also In re Bernal*, at *7–8. "Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *In re Bernal*, at *7 (quoting *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015)).

Thus, "the question presented is not whether the [foreign court] would order the requested discovery if it had jurisdiction over the [movants] but whether there are [foreign] proof-gathering restrictions *that are akin to privileges* that would prohibit the acquisition or use of the items sought." *In re Bernal*, at *8 (emphasis added). Movant has not alleged that the current use of Section 1782 circumvents privileges under St. Kitts and Nevis law. At most, Movant asserts that the High Court of Justice *might* not have granted a comparable discovery request made in St. Kitts and Nevis, even if it had the authority to do so, and *might* not admit the evidence at trial. Movant thus again asks this Court to "engage in a 'battle-by-affidavit of international legal experts'" to determine whether the High Court of Justice in St. Kitts and Nevis will accept the requested evidence. *See In re Bernal*, at *7. The High Court of Justice "can easily protect itself from the effects of any discovery order by a district court that inadvertently offends its practice" by declining to admit the evidence. *In re N. Am. Potash, Inc.*, 2012 U.S. Dist. LEXIS 195703, at *23.

Thus, because Applicants are not attempting to circumvent any proof-gathering restrictions akin to privileges in St. Kitts and Nevis, this factor weighs in favor of Applicants.

*Fourth*, the request is not unnecessary nor burdensome. As explained in detail in the Application and accompanying declaration of Mr. Kelsick, the information sought is highly relevant to the Foreign Defamation Proceedings, and Applicants reasonably believe that the evidence will be accepted by the High Court of Justice to demonstrate "the facts as they were at the time when the imputation was published." Carrington Decl. ¶ 21; Kelsick Decl. ¶ 6. Furthermore, the request is not overly burdensome or intrusive upon Bank of America. *See, e.g. In re Pons*, No. 19-23236-MC, 2020 WL 364125, at *7 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. Apr. 13, 2020) (holding that the subpoena was not unduly intrusive or burdensome because it "seeks relevant evidence from a third party who is [in] possession of such evidence…" and the relevant period of time was specified). The Subpoena is appropriately limited in time and scope to that which is necessary to Applicants' defense in the Foreign Defamation Proceedings. Specifically, the Subpoena is limited to transactions made during the relevant time period from the date Movant became Prime Minister of St. Kitts and Nevis to the present and involves only those individuals and entities Applicants know or reasonably believe to be connected to the corrupt scheme. *See* First Kelsick Decl. Therefore, any intrusion upon Bank of America is reasonably limited and reflects the ordinary scope of similar discovery requests under Federal Rule of Civil Procedure 26. Thus, this factor also weighs in favor of Applicants.

Because the Court appropriately exercised its discretion to grant the Application and authorize discovery pursuant to Section 1782, and Movant's arguments do not disturb the Court's prior determination, the Motion to Quash should be denied.

**IV. Service of the Subpoena Was Procedurally Proper.**

Finally, Caribbean Galaxy argues that the Court must quash the Subpoena because Applicants allegedly failed to comply with Rule 45(a)(4) of the Federal Rules of Civil Procedure. But Applicants were not required by Rule 45 to serve Caribbean Galaxy—or any other non-parties—prior to serving the Subpoena on Bank of America, N.A.

Rule 45(a)(4) requires prior notice of a subpoena in the context of litigation between two or more parties who are preparing for trial:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or inspection of premises *before trial*, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each *party*.

Fed. R. Civ. P. 45(a)(4) (emphases added). The cases relied upon by Caribbean Galaxy highlight the procedural distinction between Rule 45 and the present case. In each case cited in the Joinder, the court quashed a subpoena that was not properly served on the opposing party in the instant litigation. *See FDIC v. Kaplan*, No. 14-cv-2484-T, 2015 U.S. Dist. LEXIS 104517, at *7 (M.D. Fla. Aug. 10, 2015) (Plaintiff failed to notify or serve Defendant prior to serving the subpoena); *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (same); *Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (same); *Bronson v. Henry Ford Health Sys.*, No. 15-cv-10111, 2016 U.S. Dist. LEXIS 75004, at *6-7 (E.D. Mich. June 9, 2016) (same); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943, 2013 U.S. Dist. LEXIS 197396, at *6 (C.D. Cal. Sep. 23, 2013) (same); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 15CV227, 2015 U.S. Dist. LEXIS 140798, at *44 (M.D.N.C. Oct. 16, 2015) (Defendant failed to notify or serve Plaintiff prior to serving the subpoena); *Mirra v. Jordan*, No. 13 Civ. 5519, 2014 U.S. Dist. LEXIS 77065, at *9 (S.D.N.Y. May 28, 2014) (same); *Martinez v. Target Corp.*, 278 F.R.D. 452, 453 (D. Minn. 2011) (same); *Burch v. P. J. Cheese, Inc.*, No. 09-

cv-1640, 2010 U.S. Dist. LEXIS 143543, at *5 (N.D. Ala. Aug. 20, 2010) (same). Caribbean Galaxy has not cited a single case in which the person seeking to quash the subpoena on Rule 45 grounds was a non-party to the litigation, nor has it cited a single case wherein a subpoena authorized under 28 U.S.C § 1782 was quashed for failure to comply with Rule 45's service requirements.

The Subpoena was authorized pursuant to 28 U.S.C. § 1782. Caribbean Galaxy was, and still is, not a party to this *ex parte* civil action in which the Subpoena was authorized and served, and as such is not entitled to invoke Rule 45(a)(4). Because Rule 45(a)(4) is inapplicable here, Applicants were not required to provide prior notice of the Subpoena to Caribbean Galaxy.

* * *

For the foregoing reasons, as well as the arguments previously articulated in the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, Applicants respectfully request that this Court deny the Motion to Quash and Joinder.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*

Lisandra Ortiz, Esq. (Bar No. 112108)
Brian A. Hill (*pro hac vice*)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com
bhill@milchev.com
wbarry@milchev.com

Dated: March 13, 2024

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Timothy Harris, Ying Jin, and Caribbean Galaxy Real Estate Corporation, via such means.

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq.