UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20492-ALTMAN

IN RE:

MARTINEZ AND MSR MEDIA SKN LTD.,
_____/

**CARIBBEAN GALAXY REAL ESTATE CORPORATION AND YING JIN'S MOTION
TO QUASH APPLICANTS' SUBPOENA TO JPMORGAN CHASE BANK, N.A.**

Caribbean Galaxy Real Estate Corporation and Ying Jin (together, "Caribbean Galaxy"), through undersigned counsel and pursuant to Fed. R. Civ. P. 45 and 28 U.S.C. § 1782, make this limited appearance to move to quash Applicants' subpoena issued to JPMorgan Chase Bank, N.A.

## Background

On February 7, 2024, applicants Philippe Martinez and MSR Media SKN LTD. (together, "Applicants") filed an *ex-parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings (the "Application") (ECF No. 1). The foreign proceedings consist of two defamation actions filed against Applicants in St. Kitts by Caribbean Galaxy and by Dr. Timothy Harris. The Application sought, on an *ex-parte* basis, the Court's permission to issue a subpoena for documents to Bank of America, N.A. ("BANA"). It did *not* seek permission to issue a subpoena to JPMorgan Chase Bank, N.A. ("Chase"). The Court granted the Application on February 8, 2024 (ECF No. 7). At some unknown date thereafter, Applicants issued and served the subpoena on BANA without providing any notice to Caribbean Galaxy (or, apparently, Dr. Timothy Harris), in violation of Fed. R. Civ. P. 45(a)(4).

1

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

On February 29, 2024, Dr. Timothy Harris filed a motion to quash the Court's February 8, 2024 Order, quash the subpoena to BANA, and dismiss this 28 U.S.C. § 1782 proceeding in its entirety (ECF No. 10). Caribbean Galaxy joined in and adopted that motion (ECF No. 14). After Applicants responded to that motion, Dr. Harris filed a reply in further support of his motion (ECF No. 17) which Caribbean Galaxy joined in and adopted (ECF No. 18). Dr. Harris' motion, which Caribbean Galaxy joined in and adopted, remains pending.

Recently, Caribbean Galaxy learned that Applicants have issued yet another secret subpoena for documents, this time to Chase. In yet another violation of Fed. R. Civ. P. 45(a)(4), Applicants neither provided a copy of that subpoena to Caribbean Galaxy nor notified Caribbean Galaxy of its issuance. That alone renders the subpoena to Chase void and unenforceable. Although Dr. Harris' and Caribbean Galaxy's motion to quash the Court's February 8, 2024 Order and dismiss this 28 U.S.C. § 1782 proceeding remains pending, and the subpoena to Chase is void for failure to comply with Fed. R. Civ. P. 45(a)(4), Caribbean Galaxy files this motion to quash the subpoena to Chase in an abundance of caution.[1]

## ARGUMENT

The subpoena to Chase should be quashed for the same reasons and on the same grounds previously demonstrated by Dr. Harris and Caribbean Galaxy in seeking to quash

---

[1] Applicants take the position they are entitled to unilaterally issue subpoenas without providing notice to Caribbean Galaxy. Because Applicants have attempted to pursue their subpoena to Chase in secret, they have not provided Caribbean Galaxy with a copy of the subpoena. As a result, Caribbean Galaxy does not have a copy to file with the Court. Caribbean Galaxy will file a copy of the subpoena to Chase if and when Applicants provide a copy. Accordingly, Applicants should be ordered to immediately provide a copy to Caribbean Galaxy, as well as copies of any and all other subpoenas Applicants may have issued.

2

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

the Court's February 8, 2024 Order, to quash the subpoena to BANA, and to dismiss this 28 U.S.C. § 1782 proceeding, which are all incorporated herein (ECF Nos. 10, 14, 17, 18).

As asserted and briefed in more detail by Caribbean Galaxy previously (ECF Nos. 14, 18), the subpoena to Chase is void and unenforceable for the threshold reason Applicants did not comply with the prior notice requirement of Fed. R. Civ. P. 45(a)(4). *E.g.*, *FDIC v. Kaplan*, 2015 U.S. Dist. LEXIS 104517, at *7 (M.D. Fla. Aug. 10, 2015) (quashing subpoena and holding that "[b]ecause Plaintiff failed to provide prior notice of the Subpoena, as required by Rule 45(a)(4), the Subpoena is void and unenforceable."); *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (quashing subpoenas and holding "Plaintiff was obligated to give prior notice to Defendant by serving opposing counsel with the subpoenas. He failed to do so, and his subpoenas are void and unenforceable.").

The prior notice requirement of Fed. R. Civ. P. 45(a)(4) applies to *ex-parte* proceedings under 28 U.S.C. § 1782. *E.g.*, *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) (holding that "once Rivada's [*ex-parte*] § 1782 application was granted, Altan Redes was entitled to notice of the subpoenas and deposition, as required by the Federal Rules of Civil Procedure") (collecting cases). As the district court explained in *Rivada*, "given that the [*ex-parte*] § 1782 subpoenas in this case should have been executed pursuant to Rules 27, 30, and 45, Fed. R. Civ. P., Altan Redes was entitled to notice. Specifically, Rule 45 provides that notice must be served on each party to an action before a subpoena for documents and tangible things is served on any third party." *Id*. (citations omitted). The district court specifically noted that to hold the prior notice requirement inapplicable in an *ex-parte* § 1782 proceeding would "undermine the basic purpose of the Federal Rules of Civil Procedure: to prevent the use of surprise and procedural ambush." *Id*. (citations and

3

quotation marks omitted); *see also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (holding the procedural device of an *ex-parte* application should not narrow a respondent's legal rights).

In this regard, "[t]he law could not be clearer concerning an attorney's responsibility when issuing third-party subpoenas" to give prior notice to opposing parties. *Murphy v. Bd. of Educ.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000). "Without question, Rule 45[(a)(4)] requires a party issuing a subpoena for the production of documents to a non-party to 'provide prior notice to all parties to the litigation.'" *Id.* (citation omitted). Rule 45's prior notice requirement applies to any Rule 45 subpoena, especially one authorized under § 1782 on an *ex-parte* basis. *Rivada*, 230 F. Supp. 3d at 473; *see* 28 U.S.C. § 1782(a) (mandating that any permitted document discovery shall be produced in accordance with the Federal Rules of Civil Procedure).

In addition, even if the subpoena to Chase was not void and unenforceable for the above reasons, it should be quashed (and this § 1782 proceeding dismissed) because Applicants cannot meet their burden to establish all the requirements for relief under 28 U.S.C. § 1782(a). *See* ECF Nos. 10, 17.

## Conclusion

For the above reasons, and those previously briefed (ECF Nos. 10, 14, 17, 18), Caribbean Galaxy respectfully requests the Court:

    a.    quash Applicants' subpoena issued to JPMorgan Chase Bank, N.A.;

    b.    order Applicants to immediately furnish Caribbean Galaxy and Dr. Harris with copies of that subpoena and any and all other subpoenas Applicants may have issued; and

    c.    award Caribbean Galaxy such other and further relief as is just and proper.

4

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Respectfully submitted:



Attorneys for Caribbean Galaxy
   Real Estate Corp. and Ying Jin
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5155
Fax: (305) 372-2738

By:   */s/ Gregory J. Trask*
     Gregory J. Trask
     Email: gtrask@homerbonner.com
     Florida Bar No. 0055883
     Anthony M. Diblasi
     Email: adiblasi@homerbonner.com
     Florida Bar No. 117681

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

     */s/ Gregory J. Trask*
     Gregory J. Trask

5

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com