UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
C.A. No. 24-cv-20492-ALTMAN

| | |
|---|---|
| In re Application of | : |
| | : |
| PHILIPPE MARTINEZ, | : |
| MSR MEDIA SKN LTD., | : |
| | : |
| Applicants, for an Order Pursuant to | : |
| 28 U.S.C. § 1782 to Conduct Discovery | : |
| for Use in Foreign Proceedings. | : |

**OPPOSITION TO CARIBBEAN GALAXY REAL ESTATE CORPORATION AND YING JIN'S MOTION TO QUASH APPLICANTS' ADDITIONAL SUBPOENAS AND TO DR. TIMOTHY HARRIS' NOTICE OF JOINDER AND ADOPTION**

1. Philippe Martinez and MSR Media SKN Limited ("Applicants"), through undersigned counsel, hereby oppose the Motion to Quash Applicants' Additional Subpoenas ("Third Motion to Quash"), dated May 8, 2024 (ECF No. 26), filed by Caribbean Galaxy Real Estate Corporation and Ying Jin (together, "Caribbean Galaxy") and Dr. Timothy Harris' Notice of Joinder and Adoption ("Second Harris Joinder"), dated May 10, 2024 (ECF No. 27), filed by Dr. Timothy Harris ("Dr. Harris"), and respectfully ask this Court to deny the Third Motion to Quash. In support thereof, Applicants state as follows.

2. Federal Rules of Civil Procedure 45(a)(4) is not applicable to the instant case and did not require Applicants to serve Caribbean Galaxy or Dr. Harris (collectively, "Movants") with the subpoenas prior to serving Wells Fargo Bank, N.A., The Bank of New York Mellon Corporation, BNY Mellon, N.A., and Standard Chartered International USA (LLC) (collectively, the "Subpoenas"). Movants are non-parties to this *ex parte* Application proceeding and therefore not entitled to notice under Rule 45. Moreover, Rule 45 does not require notice of this type of subpoena because the Subpoenas are not a pre-trial or trial

1

subpoenas in U.S. litigation. Applicants are, therefore, permitted by Section 1782 to proceed *ex parte*.

3. But even assuming *arguendo* that Rule 45 *did* require prior notice of the Subpoenas, the parties now have actual notice, and any purported procedural defect has been cured. Thus, the parties have had the opportunity to challenge the Subpoenas on the merits, which they have done through their motions to quash. The proper course of action, therefore, is for the Court to rule on the merits of the pending motion to quash.

4. On the merits, Applicants reiterate that, as the Court previously found, their Application meets the statutory requirements of 28 U.S.C. § 1782 as well as the *Intel* factors.

5. Applicants therefore respectfully request that this Court deny the Third Motion to Quash.

    WHEREFORE, Applicants respectfully request that this Court:

    a.    Deny the Third Motion to Quash and Second Harris Joinder; and

    b.    Grant any and all other further relief to Applicants as deemed just and proper.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email:   lortiz@milchev.com
            wbarry@milchev.com

Dated: May 22, 2024

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*