UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
C.A. No. 24-cv-20492-ALTMAN

| | |
|---|---|
| In re Application of | : |
| | : |
| PHILIPPE MARTINEZ, | : |
| MSR MEDIA SKN LTD., | : |
| | : |
| Applicants, for an Order Pursuant to | : |
| 28 U.S.C. § 1782 to Conduct Discovery | : |
| for Use in Foreign Proceedings. | : |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICANTS' OPPOSITION TO CARIBBEAN GALAXY REAL ESTATE CORPORATION AND YING JIN'S MOTION TO QUASH APPLICANTS' ADDITIONAL SUBPOENAS AND TO DR. TIMOTHY HARRIS' NOTICE OF JOINDER AND ADOPTION**

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email:   lortiz@milchev.com
            wbarry@milchev.com

Dated: May 22, 2024

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | **BACKGROUND** | ................................................................................................................... | 1 |
| | a. | Initial Application. ............................................................................................. | 1 |
| | b. | First Motion to Quash. ....................................................................................... | 2 |
| | c. | Second Motion to Quash. ................................................................................... | 2 |
| | d. | Subpoenas. ......................................................................................................... | 3 |
| | e. | Third Motion to Quash. ..................................................................................... | 4 |
| **II.** | **ARGUMENT** | .................................................................................................................... | 4 |
| | a. | Service of the Subpoenas Was Procedurally Proper. ........................................ | 4 |
| | b. | Applicants Have Met the Statutory Requirements of Section 1782, and the *Intel* Discretionary Factors Weigh in Favor of the Application. .................................... | 5 |
| | c. | Standard Chartered Bank is Found in this District. ........................................... | 6 |
| **III.** | **CONCLUSION** | ................................................................................................................ | 8 |

## **TABLE OF AUTHORITIES**

**Cases**   **Page(s)**

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004)......................................................................................................6

*In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*,
   No. 08-20378-M, 2011 U.S. Dist. LEXIS 5201 (S.D. Fla. Jan. 19, 2011) ...............................7

**Statutes**

28 U.S.C. § 1782............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 45(a)(4)....................................................................................... *passim*

*Our Locations*, STANDARD CHARTERED BANK, https://www.sc.com/en/our-
   locations/ (visited May 20, 2024) ..............................................................................6

Applicants Philippe Martinez and MSR Media SKN Ltd. (collectively, "Applicants") respectfully submit this Memorandum of Law in Support of their Opposition to non-parties Caribbean Galaxy Real Estate Corporation and Ying Jin's (collectively, "Caribbean Galaxy") Motion to Quash Applicants' Additional Subpoenas (the "Third Motion to Quash") and non-party Dr. Timothy Harris' ("Harris") Notice of Joinder and Adoption ("Second Harris Joinder"). Caribbean Galaxy and Harris (collectively, "Movants") seek to quash a subpoena issued by Applicants pursuant to this Court's Order (ECF No. 7), dated February 8, 2024, which granted Applicants' request to seek certain discovery for use in ongoing defamation proceedings in the Federation of Saint Christopher and Nevis ("Foreign Defamation Proceedings"). For the reasons stated herein, the Third Motion to Quash should be denied.

## I. BACKGROUND

### a. Initial Application.

On February 8, 2024, the Court granted Applicants' *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") (ECF No. 1), authorized Applicants to issue and serve the Proposed Subpoena on Bank of America, N.A., and ordered that the matter be closed. ECF No. 7. The Order was issued *ex parte* and served by ECF only on Applicants. Applicants subsequently served a subpoena on Bank of America, N.A. on February 9, 2024 ("Bank of America Subpoena").

In addition to authorizing Applicants to serve the Bank of America Subpoena, the Court's Order also authorized Applicants "to serve additional follow-up subpoenas on . . . any person, corporate entity, or financial institution found or residing in this District as may be necessary to obtain the testimonial or documentary evidence described in the Application." ECF No. 7 at 6. Applicants accordingly proceeded to serve subpoenas on JP Morgan Chase Bank, N.A. on

1

February 13, 2024 (the "JP Morgan Subpoena") and Wells Fargo Bank, N.A. on February 21, 2024.

### b. First Motion to Quash.

On February 29, 2024, non-party Harris filed a Motion to Quash the Bank of America Subpoena ("First Motion to Quash") (ECF No. 10), and on March 4, 2024, non-party Caribbean Galaxy joined the First Motion to Quash (ECF No. 14). Neither Harris nor Caribbean Galaxy filed a motion to intervene or otherwise become a party in this matter. On March 13, 2024, Applicants filed their Opposition to the First Motion to Quash ("First Opposition") (ECF No. 16). That Opposition argued, *inter alia*, that Harris and Caribbean Galaxy were not entitled to prior notice of subpoenas issued pursuant to the Court's February 8 Order because they were not parties to this action and the plain language of Rule 45 did not require prior notice to them in any event. ECF No. 16 at 10-11. On March 20, 2024, Harris' filed a Reply (ECF No. 17), and Caribbean Galaxy joined that Reply (ECF No. 18). The First Motion to Quash remains pending.

### c. Second Motion to Quash.

On April 29, 2024, Caribbean Galaxy filed the Second Motion to Quash (ECF No. 20), and on April 30, 2024, Harris joined that motion (ECF No. 21) regarding Applicants' Subpoena to JP Morgan Chase Bank. On May 7, 2024, Applicants filed their Opposition to the Second Motion to Quash ("Second Opposition") (ECF No. 23). That Opposition argued, *inter alia*, that Harris and Caribbean Galaxy were not entitled to prior notice under Rule 45, and even assuming, *arguendo*, that Movants were entitled prior notice, the proper remedy would be to rule on the merits of the motion to quash. In addition, in the Second Opposition, Applicants informed Movants of all subpoenas that had been issued pursuant to the Court's Order.

On May 10, 2024, Harris filed a Motion for Extension of Time to File Reply in Support of Motion to Quash (ECF No. 28) and Caribbean Galaxy subsequently filed a Motion for

Enlargement of Time to File a Consolidated Reply (ECF No. 29). Both motions were granted on May 12, 2024.

### d. Subpoenas.

On February 9, 2024, Applicants served the Bank of America Subpoena. Subsequently, Applicants served subpoenas on JP Morgan Chase Bank, N.A. on February 13, 2024 and Wells Fargo Bank, N.A. on February 21, 2024.

On March 20, 2024, Wells Fargo made a document production. Applicants' review of that production identified additional financial institutions that appeared likely to have documentary evidence described in the Application within their possession, custody or control. Applicants accordingly proceeded to serve additional follow-up subpoenas to Standard Chartered International USA (LLC) ("Standard Chartered Bank") and The Bank of New York Mellon Corporation on April 1, 2024, and to The Bank of New York Mellon and BNY Mellon, N.A. on April 16, 2024 (collectively, with the Bank of America Subpoena, JP Morgan Subpoena, and Wells Fargo Subpoena, the "Subpoenas"). On May 9, 2024, Standard Chartered International USA (LLC) made a document production.[1] Applicants have communicated with each of the other subpoena recipients in order to facilitate further document productions, but to date no productions have been received other than the March 20, 2024 production by Wells Fargo and May 9, 2024 production by Standard Chartered Bank.

---

[1] On April 22, 2024, Standard Chartered Bank sent a letter to Applicants' counsel noting several objections to the Standard Chartered Bank Subpoena. The second objection asserted that "Standard Chartered Bank is not 'found in' the Southern District of New York [*sic*] within the meaning of 28 U.S.C. Section 1782(a)[, and] the issuing court lacks jurisdiction to issue or enforce a Section 1782 subpoena against Standard Chartered Bank." Notwithstanding Standard Chartered Bank's objections, the production on May 9, 2024 was made voluntarily. Furthermore, as this Court is aware, Standard Chartered Bank did not file to intervene and move to quash the Subpoena on any ground, let alone asserting that Standard Chartered Bank was not located in the District or that the Subpoena exceeded the Court's Order.

3

On May 4, 2024, the Court entered a paperless order directing Applicants to not serve any additional subpoenas until the Court resolves the pending motions to quash. Applicants have not served any additional subpoenas nor provided additional identifying information to the subpoenaed banks since the entry of that order.

On May 20, 2024, Applicants' St. Kitts and Nevis counsel shared a copy of each subpoena with the attorneys of record for Movants in the Foreign Defamation Proceeding.[2] Ex. A, E-mail from Damian Kelsick to Anthony Ross, E. Anthony Ross KC (May 20, 2024); Ex. B, E-mail from Damian Kelsick to Byron & Byron (May 20, 2024).

### e. Third Motion to Quash.

On May 8, 2024, Caribbean Galaxy filed the Third Motion to Quash (ECF No. 26), and on May 10, 2024, Harris joined that motion (ECF No. 27). Once again, neither Caribbean Galaxy nor Harris filed a motion to intervene or otherwise become a party to this action. In the Third Motion to Quash, Movants again assert that Applicants were required to give them prior notice of subpoenas issued pursuant to this Court's Order under Federal Rule of Civil Procedure 45(a)(4) and further assert that "Applicants cannot meet their burden to establish all the requirements for relief under 28 U.S.C. § 1782(a)." ECF No. 26. In addition, Movants argue that Standard Chartered Bank neither resides nor is found in the District.

## II. ARGUMENT

### a. Service of the Subpoenas Was Procedurally Proper.

Movants are attempting to distract the Court from the merits of the Application and use a procedural complaint to undermine the fact that the Court has already evaluated the statutory and

---

[2] Applicants maintain that they are not required by Section 1782 or Rule 45 to provide copies of the Subpoenas but have done so as a courtesy and as part of the Foreign Defamation Proceeding.

4

discretionary factors and granted the Application. Movants argue that the Court must quash the Subpoenas because Applicants allegedly failed to comply with Rule 45(a)(4) of the Federal Rules of Civil Procedure. But Applicants were not required by Rule 45 to serve Movants—or any other non-parties—prior to serving the Subpoenas. As previously argued by Applicants, the plain language of Rule 45(a)(4) pertains to pre-trial and trial subpoenas in the context of litigation. *See* Fed. R. Civ. Pro. 45(a)(4). Conversely, the instant matter involves an *ex parte* application under Section 1782. Therefore, Rule 45 is inapplicable, and Movants are not entitled to invoke Rule 45 to demand prior notice of the Subpoenas.

Even assuming, *arguendo*, that prior notice to Movants was required, the remedy sought by Movants is inappropriate. Any procedural defect in issuing the Subpoenas was cured when Movants received notice of the Subpoenas in Applicants' Second Opposition and when Applicants' local counsel in St. Kitts and Nevis provided copies of the Subpoenas to Movants' local counsel in the context of the Foreign Defamation Proceeding. Movants now have actual notice of the Subpoenas and have had a full and fair opportunity to challenge the Subpoenas. Therefore, the proper remedy for any purported failure to provide prior notice is not to quash the Subpoenas and make Applicants serve them again after formal notice but rather to rule on the merits of the pending Motion to Quash.

Applicants also incorporate by reference and rely on the arguments made in the Application (ECF No. 1), First Opposition (ECF No. 16), and Second Opposition (ECF No. 23).

### b. Applicants Have Met the Statutory Requirements of Section 1782, and the *Intel* Discretionary Factors Weigh in Favor of the Application.

On the merits of the Subpoenas, Movants also allege that the Application does not satisfy the statutory requirements of Section 1782, relying on their previous arguments in relation to the Bank of America Subpoena made in the First Motion to Quash (ECF No. 10) and Reply in Support

5

of Motion to Quash (ECF No. 17). Applicants have already demonstrated that the Application not only satisfies all four statutory requirements of 28 U.S.C. § 1782 but also that each of the four discretionary factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), weigh in favor of the Application. This issue has been fully briefed, and Applicants incorporate by reference and rely on the arguments made in the Application (ECF No. 1) and First Opposition (ECF No. 16).

### c. Standard Chartered Bank is Found in this District.

Lastly, Movants assert that Standard Chartered Bank neither resides in nor is found in this District, and therefore, that Applicants' Subpoena to Standard Chartered Bank is "void and unenforceable." ECF Nos. 26, 27. In support, Movants cite to the business contact page for Standard Chartered Bank. ECF No. 26. However, in doing so, Movants ignore evidence of activity and intent on the part of Standard Chartered Bank to establish its presence, identify its agent, and resume business activity in this District.

Standard Chartered Bank is incorporated under the laws of England and Wales, headquartered in England, and has banking operations in New York. *See Our Locations*, STANDARD CHARTERED BANK, https://www.sc.com/en/our-locations/ (visited May 20, 2024). Upon information and belief, Standard Chartered Bank also had banking operations in Miami the Southern District of Florida. Standard Chartered Bank still has a registered agent in Plantation, Florida. Ex. C, Statement of Change of Registered Office or Registered Agent or Both for Corporations, Standard Chartered Bank (Jan. 29, 2024).[3] In 2023, Standard Chartered filed a reinstatement with the Florida Secretary of State and Articles of Correction to correct the corporate

---

[3] Standard Chartered Bank's filings with the Florida Secretary of State (Exhibits C – E) are publicly available on the Florida Department of State Division of Corporations website (search.sunbiz.org).

name listed in Florida. Ex. D, 2023 Foreign Profit Corporation Reinstatement, Standard Chartered Bank PLC (Jan. 19, 2023); Ex. E, Articles of Correction, Standard Chartered Bank (Nov. 17, 2023). In that filing, Standard Chartered Bank notes that it is "the entity authorized to transact business in Florida" and is "a financial institutional licensed by the Florida Office of Financial Regulation (OFR)." Ex. E at 4. Courts have acknowledged that Section 1782's "requirement of being 'found' within the District must be liberally interpreted." *In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, No. 08-20378-M, 2011 U.S. Dist. LEXIS 5201, at *23 (S.D. Fla. Jan. 19, 2011) (citing *Edelman v. Taittinger*, 295 F.3d 171 (2d Cir. 2002) (noting that a "flexible reading of the phrase 'resides or is found'" is appropriate and that "Congress has expressed as its aim that the statute [28 U.S.C. § 1782] be interpreted broadly and that courts exercise discretion in deciding whether, and in what manner, to order discovery in particular cases")). Accordingly, courts in the Southern District of Florida have found that "if a corporation's place of incorporation or headquarters is outside of the district, the applicant must establish that the corporation undertakes 'systematic and continuous local activities' in order for the corporation to be found there for the purposes of section 1782." 2011 U.S. Dist. LEXIS 5201, at *21-22. Although Standard Chartered Bank is neither incorporated nor headquartered in the Southern District of Florida, it nevertheless conducts "systematic and continuous local activities" in this District. Standard Chartered Bank has a registered agent in the District, is licensed to transact business in the District, and has taken action consistent with active business activities in the District. There could be no clearer indication of the bank's present purpose to undertake "systematic and continuous local activities." Therefore, as contemplated by this District's liberal interpretation of Section 1782, Standard Chartered Bank is found in the Southern District of Florida.

### III.    CONCLUSION

For the foregoing reasons, as well as the arguments previously articulated in the Application Oppositions to the First and Second Motion to Quash, Applicants respectfully request that this Court deny the Third Motion to Quash.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com
            wbarry@milchev.com

Dated: May 22, 2024

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Timothy Harris, Ying Jin, and Caribbean Galaxy Real Estate Corporation, via such means.

/s/ Lisandra Ortiz
Lisandra Ortiz, Esq.