UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20492-ALTMAN

IN RE:

MARTINEZ AND MSR MEDIA SKN LTD.,

_____ /

**DR. TIMOTHY HARRIS'S OMNIBUS REPLY IN SUPPORT OF SECOND MOTION TO QUASH (ECF NO. 20) AND THIRD MOTION TO QUASH (ECF NO. 26)**

Movant Dr. Timothy Harris ("***Movant***" or "***Dr. Harris***"), through undersigned counsel and pursuant to 28 U.S.C. § 1782 and the Court's Order dated May 12, 2024 (ECF No. 30), files this Reply in Support of Caribbean Galaxy Real Estate Corporation's and Ying Jin's (together, "***Caribbean Galaxy***") Motion to Quash Applicants' Subpoena to JPMorgan Chase Bank, N.A. (ECF No. 20) ("***Second Motion to Quash***"), which Dr. Harris joined and adopted (ECF No. 21), and Caribbean Galaxy's Motion to Quash Applicants' Additional Subpoenas (ECF No. 26) ("***Third Motion to Quash***"), which Dr. Harris also joined and adopted (ECF No. 27).

I.   BACKGROUND

On February 7, 2024, Philippe Martinez and MSR Media SKN LTD. (together, "***Applicants***") filed an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (ECF No. 1) ("***Application***"). In the Application, Applicants sought only "to serve Bank of America, N.A., with the subpoena attached as Exhibit B" to their Application. (*Id.* at 1.) As the Court is aware, Exhibit B to the Application was a proposed subpoena addressed to "Bank of America, N.A., Legal Order Processing." Neither the Application nor Exhibit B requested the production of documents from any financial institution other than Bank of America, N.A. ("***Bank of America***"). On February 8, 2024, this Court granted the Application. (ECF No. 7.)

After the Court granted the Application, Applicants did not provide a copy of the Bank of America subpoena to any affected or adverse parties (*i.e.*, Dr. Harris or Caribbean Galaxy). Only by chance did Dr. Harris learn of this *ex parte* proceeding. At the time, having received no notice of this proceeding or copy of the subpoena, Dr. Harris did not know whether Applicants had issued the subpoena to Bank of America and, if so, what the production date was and whether Bank of America had, in fact, produced documents to Applicants pursuant to the subpoena. On February 29, 2024, Dr. Harris timely filed a Motion to Quash the Bank of America subpoena (ECF No. 10)

1

("***First Motion to Quash***"), which Caribbean Galaxy joined (ECF No. 14).[1]

Despite the fact that the Court granted the Application wherein Applicants requested to serve a subpoena only on Bank of America and filed a proposed subpoena addressed only to Bank of America, Applicants went ahead and—without permission from this Court or notice to Dr. Harris—issued multiple additional subpoenas to JP Morgan Chase Bank, N.A. ("***JP Morgan***"), Wells Fargo Bank, N.A. ("***Wells Fargo***"), the Bank of New York Mellon Corporation, the Bank of New York Mellon, BNY Mellon, N.A. (together, "***BNY Mellon***"), and Standard Chartered International USA (LLC) ("***Standard Chartered***"). Applicants issued at least four of the additional subpoenas after Dr. Harris appeared in this action, yet Applicants never provided Dr. Harris with notice or a copy of any of the subpoenas before they issued them or at any time afterwards.

Dr. Harris and Caribbean Galaxy learned of the JP Morgan subpoena on or around April 29, 2024, more than two months after Applicants issued it, from JP Morgan directly. Specifically, on April 29, 2024, JP Morgan's in-house counsel called the undersigned's office and advised that JP Morgan was in receipt of a subpoena but had concerns about responding to same. For its own part, JP Morgan reviewed the docket in this action and, like Dr. Harris and Caribbean Galaxy, found that the Court's February 8, 2024 Order (ECF No. 7) only addressed Applicant's Application for a subpoena to Bank of America.

On April 29, 2024, Caribbean Galaxy filed the Second Motion to Quash seeking to quash the JP Morgan subpoena (ECF No. 20)—the only subpoena other than the Bank of America subpoena known to Dr. Harris and/or Caribbean Galaxy at the time—which Dr. Harris joined and adopted (ECF No. 21). Dr. Harris and Caribbean Galaxy only learned of the additional subpoenas Applicants issued to Wells Fargo, BNY Mellon, and Standard Chartered through Applicants'

---

[1] The First Motion to Quash is ripe for review.

2

Response to the Second Motion to Quash (*see* ECF No. 23).[2] The very next day, Caribbean Galaxy filed the Third Motion to Quash seeking to quash the Wells Fargo, BNY Mellon, and Standard Chartered subpoenas (ECF No. 26), which Dr. Harris joined and adopted (ECF No. 27). However, by the time Dr. Harris learned that Applicants issued these additional subpoenas in violation of 28 U.S.C. § 1782 and this Court's February 8, 2024 Order (ECF No. 7), it was too late: Applicants had already issued the subpoenas, the production dates had passed, and Wells Fargo and Standard Chartered had already made productions.

As set forth below and in Dr. Harris's and Caribbean Galaxy's previous briefs (ECF Nos. 10, 14, 17, 18, 20, 21, 26, 27), all three Motions to Quash should be granted and all subpoenas that Applicants have issued should be quashed because service of the subpoenas was procedurally improper and their Application substantively defective. To make matters worse, Applicants are now misusing the information that they have received in this proceeding.

## II.  MEMORANDUM OF LAW

### A.  Service of the subpoenas was procedurally improper.

The Second and Third Motions to Quash should be granted because Applicants issued subpoenas to JP Morgan, Wells Fargo, BNY Mellon, and Standard Chartered in violation of this Court's February 8, 2024 Order, 28 U.S.C. § 1782, and the Federal Rules of Civil Procedure.

#### 1.  <u>Applicants were granted permission to serve a subpoena only on Bank of America.</u>

As a preliminary matter, each of the subpoenas that Dr. Harris and Caribbean Galaxy seek to quash in the Second and Third Motions to Quash were issued in violation of this Court's February 8, 2024 Order. It is undisputed that Applicants sought to serve a subpoena only on Bank

---

[2] After learning of the JP Morgan subpoena, the undersigned emailed Applicants' counsel asking if there were any other subpoenas issued or outstanding and to whom they were directed, but Applicants' counsel never responded.

3

of America. It is also undisputed that the only proposed subpoena Applicants submitted to this Court was to Bank of America. (*See* ECF No. 1-4.) It therefore follows that the only subpoena Applicants were granted permission to issue was the Bank of America subpoena. Applicants' argument that the Court's Order granted them unbounded permission to issue subpoenas to various and sundry financial institutions when they facially and specifically asked permission for only one subpoena to Bank of America is not compelling and smacks of bad faith.

>    2. <u>Section 1782 requires Applicants to comply with the Federal Rules of Civil Procedure, including Rule 45, which Applicants failed to do.</u>

Section 1782 expressly requires adherence to the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."). Therefore, in issuing subpoenas in this proceeding, Applicants were required to adhere to Federal Rule of Civil Procedure 45 but failed to do so.

Rule 45 states, in relevant part, as follows: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then **<u>before it is served</u>** on the person to whom it is directed, **<u>a notice and a copy of the subpoena must be served on each party</u>**." Fed. R. Civ. P. 45(a)(4) (emphasis added). Accordingly, pursuant to Rule 45, Applicants were required to provide notice and a copy of each subpoena to Dr. Harris before issuance. Applicants, however, entirely disregarded this obligation and issued all seven of the subpoenas in this case without first notifying or providing a copy of the respective subpoenas to Dr. Harris.

Applicants argue that they were not required to provide notice and a copy of any of the subpoenas to Dr. Harris prior to issuance because Dr. Harris is not a "party" to this *ex parte* action. Dr. Harris, however, objects to this narrow reading of the Rule and contends that even in this *ex parte* § 1782 action, Dr. Harris was entitled to notice prior to issuance of the subpoenas. *See In re*

4

*Rivada Networks*, 230 F. Supp. 3d 467, 469 (E.D. Va. 2017). This is especially true given that Dr. Harris is an adverse party to the underlying proceeding in St. Kitts and Nevis. *See id.*

*Rivada Networks* is wholly on point and supports Dr. Harris's argument that he was entitled to notice before Applicants served any subpoenas in this matter, including the initial subpoena to Bank of America. *See id.* Like here, *Rivada Networks* involves an *ex parte* proceeding brought under 28 U.S.C. § 1782 in which the applicant failed to provide notice prior to issuing subpoenas and conducting other discovery. *Id.* at 469–70. Movant Altan Redes, who was an adverse party in the underlying foreign proceeding and potential adverse party in an additional contemplated foreign proceeding, argued that applicant's service of the subpoena without prior notice to him violated § 1782 and the Federal Rules of Civil Procedure. *Id.* at 470. The court agreed, holding that after applicant's *ex parte* application was granted but before applicant issued the subpoenas, applicant was required to provide notice to the movant. *Id.* at 473. The court explained that § 1782 specifically requires conformity with the Federal Rules of Civil Procedure and Rule 45 expressly requires notice be given prior to issuance of a subpoena. *Id.* ("[O]nce Rivada's [*ex parte*] application was granted, Altan Redes was entitled to notice of the subpoenas and deposition, as required by the Federal Rules of Civil Procedure.").

Applicants' attempt to distinguish *Rivada Networks* is misleading. First, while Applicants are correct that the movant in *Rivada Networks* moved to intervene, the court's analysis on movant's motion to intervene was distinct from the court's analysis on the notice issue relevant to this dispute.[3] Crucially, the court's analysis regarding notice did not turn on the fact that movant sought to intervene in the *ex parte* § 1782 proceeding, but instead relied on the fact that the Federal

---

[3] As discussed below, Dr. Harris asked this Court to construe his First Motion to Quash as also being a motion to intervene. (ECF No. 17 at 2–3.) The Court has not yet ruled on that motion, and Applicants have not opposed Dr. Harris's request to treat that filing as motion to intervene.

5

Rules of Civil Procedure require that notice be provided to all parties, including an adverse party in the underlying foreign proceeding, prior to issuance of a subpoena. *Id.* at 473–74.

Additionally, contrary to Applicants' representation, the holding in *Rivada Networks* did not hinge on the fact that the magistrate judge's order expressly required compliance with Rule 45. *Id.* at 473. Rather, the decision relied on the language of § 1782 and Rule 45 and merely pointed out that the magistrate judge's order was "consistent with the statute," which expressly requires that subpoenas be issued "in accordance with the Federal Rules of Civil Procedure." *Id.*

Further, Applicants deceptively cite to the court's language that "[s]ection 1782 does not, on its face, explicitly require notice to expected adverse parties." (ECF No. 23-1 at 4.) This language, however, was contained in a footnote and, when read in context, was in no way intended to alter the court's holding that § 1782 requires notice be given to adverse parties prior to issuance of a subpoena even in *ex parte* proceedings. *Rivada Networks*, 230 F. Supp. at 474 n.12.

Even if this Court were to agree with Applicants that notice was not initially required, Applicants were at least required to provide notice to Dr. Harris after he appeared in this action on February 29, 2024 and asked the Court to construe the First Motion to Quash as a motion to intervene. (ECF No. 17 at 2–3.) As noted above, Applicants issued the three BNY Mellon subpoenas and the Standard Chartered subpoena after Dr. Harris appeared and demonstrated his entitlement to intervene in this action, yet Applicants did not provide notice to Dr. Harris in violation of the Federal Rules of Civil Procedure and, in turn, § 1782.

Finally, the abovementioned procedural defects were not cured when Dr. Harris learned and received copies of the subpoenas *months* after they were issued and after at least two financial institutions produced documents to Applicants. Applicants' argument to the contrary is preposterous and defies common sense. The "basic purpose" of the Federal Rules of Civil Procedure is "to prevent the use of surprise and procedural ambush." *Rivada Networks*, 230 F.

6

Supp. at 473 (citation omitted). Additionally, advance notice during discovery is required so an individual can protect himself before an action is taken by an adverse party. *See Charlemagne v. Alibayof*, 2021 WL 8565992, at *2 (S.D. Fla. Nov. 11, 2021) ("The purpose of the 'prior notice' provision [in Rule 45] is to give an opposing party the opportunity to object to the subpoena prior to the date in the subpoena."). Having not known about the subpoenas prior to their issuance, Dr. Harris could not protect himself from Applicants' actions. Dr. Harris did not have an opportunity to timely file a motion to quash to prevent issuance of the subpoenas Applicants issued. Worse, Dr. Harris did not have an opportunity to prevent production pursuant to the subpoenas. Applicants cannot legitimately argue that the fact that Dr. Harris learned of the subpoenas weeks or months after they were issued, and after productions had been made, cured any defect.

Given that Dr. Harris was not provided notice of any of the subpoenas in this action, all the subpoenas that Applicants have issued to date should be quashed. *Id.* ("The [Rule 45] notice requirement is mandatory, and failure to provide notice constitutes grounds to quash a subpoena.").

       3.       <u>Applicants' issuance of a subpoena to Standard Chartered violates § 1782 and the Court's February 8, 2024 Order</u>.

Section 1782 provides as follows: "**The district court of the district in which a person resides or is found** may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782 (emphasis added). Additionally, this Court's February 8, 2024 Order provides that Applicants may issue subpoenas only to "any person, corporate entity, or financial institution **found or residing in this District**."[4] (ECF No. 7 at 6 (emphasis added).)

To the extent Applicants were permitted to issue any additional subpoenas in this

---

[4] Dr. Harris makes this argument in the alternative of his argument made in section II(A)(1). Dr. Harris maintains that this Court gave Applicants permission to serve a subpoena only on Bank of America and Applicants should have sought leave of Court or filed a motion for clarification prior to issuing any additional subpoenas.

7

proceeding, the statute and this Court required the individuals or entities being subpoenaed to reside or be found in this district. As explained in the Third Motion to Quash, Standard Chartered does not own or operate any branch in this district and, therefore, Applicants' subpoena to Standard Chartered is void and unenforceable. Applicants have made two equally unavailing arguments in attempting to refute this position.

First, Applicants assert that despite Standard Chartered's objection that it was not found in this district within the meaning of § 1782, its "production on May 9, 2024 was made voluntarily." (ECF No. 31-1 at 6 n.1.) This argument seems to suggest that the burden was on Standard Chartered to not produce documents pursuant to the improperly-issued subpoena as opposed to being on Applicants to issue only proper and legally-compliant subpoenas in the first place. This absurdity, if true, would turn attorneys' subpoena power on its head.

Second, Applicants argue that their subpoena to Standard Chartered is proper due to the "evidence of activity and intent on the part of Standard Chartered Bank to establish its presence, identify its agent, and resume business activity in this district." (*Id.* at 9.) Applicants continued that "there could be no clearer indication of the bank's present purpose to undertake 'systematic and continuous local activities.'" (*Id.* at 10.) Applicants state these fallacies all while skirting around the fact that Standard Chartered has no branch in this district, and there is no evidence that Standard Chartered intends to open a branch in this district in the foreseeable future. Certainly, no such facility exists now. Applicants are again stretching § 1782 and this Court's Order past their intended meanings to allege compliance with same, but the fact remains that service of Applicants' subpoenas was procedurally improper and, therefore, the subpoenas should be quashed.

**B.     Applicants have not met the § 1782 factors and the discretionary *Intel* factors weigh in favor of quashing the subpoenas.**

As set forth fully in the First Motion to Quash (ECF No. 10) and each of the subsequent briefs (ECF Nos. 14, 17, 18, 20, 21, 26, 27), which Dr. Harris incorporates herein by reference, in

8

addition to the subpoenas being procedurally defective, the Application is substantively defective. Applicants failed to show that the information they seek from any of the financial institutions to which they have issued subpoenas is "for use" in the St. Kitts and Nevis proceeding, a requirement under § 1782. The discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of denying the Application and quashing all of the subpoenas Applicants have issued in this proceeding.

Applicants' subpoenas should also be quashed because, as evidenced by their responses in opposition to the Second and Third Motions to Quash (ECF Nos. 23-1, 31-1), Applicants are engaged in an impermissible fishing expedition. Applicants initially sought records from only Bank of America but then impermissibly issued subpoenas to at least six additional financial institutions. As Applicants conceded, they did not even know that BNY Mellon and/or Standard Chartered had information that was potentially of interest to them until after Wells Fargo made a document production on March 20, 2024. (ECF No. 31-1 at 3.) Applicants' concession supports Dr. Harris's argument that they are searching for information they did not possess at the outset of this proceeding or the underlying proceeding in St. Kitts and Nevis, which is impermissible in St. Kitts and Nevis (ECF No. 10 at 3–8) and, therefore, cannot be "for use" in St. Kitts and Nevis. Accordingly, this Court should quash Applicants' subpoenas.

**C.     Applicants are using the information improperly obtained in this proceeding for improper purposes.**

In addition to the foregoing, Dr. Harris has learned this past week of a RICO lawsuit filed by Applicants against multiple defendants, including Dr. Harris, in the Middle District of Florida: *MSR Media SKN Ltd., et al. v. Khan, et al.*, Case No. 24-cv-01248 (M.D. Fla. May 23, 2024) ("**RICO Lawsuit**").[5] The RICO Lawsuit appears to be based on similar facts underlying the St.

---

[5] Through this argument, Dr. Harris does not waive any rights or defenses it otherwise has in this or the Middle District of Florida action, including the service of process requirements of the

9

Kitts and Nevis proceeding, which also underlie this § 1782 proceeding.

Alarmingly, Applicants are using information improperly obtained in this § 1782 proceeding to support their allegations in the related RICO Lawsuit. After receiving at least two document productions from two financial institutions, Applicants filed the RICO Lawsuit, which relies, at least in part, on information obtained through productions in this § 1782 proceeding. This is an abuse of process. Section 1782 narrowly permits discovery in federal courts "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute, however, does not permit parties to conduct pre-suit discovery to substantiate allegations in domestic proceedings, which is precisely what Applicants have done here. Applicants' misuse of information exceeds the limited purpose for which § 1782 discovery is permitted and the stated reason for their initiation of this proceeding. The Court should order that Applicants destroy all documents received in this proceeding and preclude Applicants from using the information obtained in this proceeding for any purpose.

### III.   CONCLUSION

Each of the subpoenas served in this proceedings suffer from numerous procedural and substantive deficiencies. Accordingly, for the reasons stated above and those previously briefed, Dr. Harris respectfully requests that this Court: (i) grant the First, Second, and Third Motions to Quash (ECF Nos. 10, 20, 26); (ii) quash all subpoenas Applicants issued to date and preclude issuance of any additional subpoenas; (iii) order that Applicants destroy any and all documents obtained through this proceeding; (iv) preclude Applicants from using the information obtained and learned in this proceeding for any purpose; and (v) dismiss this matter in its entirety.

---

Federal Rules of Civil Procedure or any Rule 12 defenses, including lack of jurisdiction and improper venue. Dr. Harris has appeared in this proceeding in the Southern District of Florida for the sole and limited purpose of moving to quash Applicants' subpoenas and otherwise defending his rights that Applicants are violating on an ongoing basis.

Respectfully submitted,

*/s/ Elisabeth L. Rabin*
Richard D. Shane, Esq.
Florida Bar No. 70611
RDShane@duanemorris.com
Elisabeth L. Rabin, Esq.
Florida Bar No. 1025636
ERabin@duanemorris.com
DUANE MORRIS LLP
201 South Biscayne Boulevard,
Suite 3400
Miami, Florida 33131
Tel: (305) 960-2200

Eric R. Breslin
Admitted *pro hac vice*
ERBreslin@duanemorris.com
DUANE MORRIS LLP
One Riverfront Plaza
1037 Raymond Boulevard
Suite 1800
Newark, NJ 07102
Tel: (973) 424-2000

Tarsha A. Phillibert
Admitted *pro hac vice*
TAPhillibert@duanemorris.com
DUANE MORRIS LLP
901 New York Avenue N.W.
Suite 700 East
Washington, DC 20001
Tel: (202) 776-7808

*Attorneys for Movant Dr. Timothy Harris*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served this 29th day of May, 2024 by electronic service using CM/ECF on all counsel who have filed a notice of appearance in this action.

*/s/ Elisabeth L. Rabin*
Elisabeth L. Rabin
