# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
C.A. No. 24-cv-20492-ALTMAN

| | |
|---|---|
| In re Application of | : |
| | : |
| PHILIPPE MARTINEZ, | : |
| MSR MEDIA SKN LTD., | : |
| | : |
| Applicants, for an Order Pursuant to | : |
| 28 U.S.C. § 1782 to Conduct Discovery | : |
| for Use in a Foreign Proceeding. | : |

**THIRD DECLARATION OF DAMIAN E. S. KELSICK**

Pursuant to 28 U.S.C. § 1746, I, **DAMIAN E. S. KELSICK**, declare:

1. I am an attorney-at-law and King's Counsel in the Federation of Saint Christopher and Nevis ("St. Kitts and Nevis"). I was called to the Bar in 1992. I also am admitted to practice in Anguilla, Antigua and Barbuda, Grenada, Saint Lucia, and Saint Vincent and the Grenadines. I previously served as a High Court Judge in Antigua and Barbuda between May and July 2020, and as a High Court Judge in Anguilla in 2021. The High Courts of Antigua and Barbuda, Anguilla, and St. Kitts and Nevis are trial courts of the same Eastern Caribbean judicial system.

2. I represent Philippe Martinez and MSR Media SKN Ltd. (collectively, "Applicants") in two civil proceedings arising from claims of defamation filed against Applicants in the High Court of Justice in St. Kitts and Nevis on December 8, 2023, and December 29, 2023.

3. I respectfully submit this Declaration in support of Applicants' renewed application for an order under 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings.

1

4.  The requested relief is for the purposes of obtaining limited, but necessary, discovery in aid of two civil proceedings currently pending in the High Court of Justice in St. Kitts and Nevis, captioned *Caribbean Galaxy Real Estate Corp. and Ying Jin v. MSR Media SKN Ltd. and Philippe Martinez* (Case No. SKBHCV2023/0228, Dec. 8, 2023), and *Dr. Timothy Harris v. Philippe Martinez and MSR Media SKN Ltd.* (Case No. SKBHCV2023/0236, Dec. 29, 2023). Copies of the claims filed against Applicants are attached as Exhibits 1 and 2. Copies of the defences filed by Applicants are annexed as Exhibits 3 and 4.

5.  Unless otherwise noted, the facts set forth herein are based on my expertise as a St. Kitts and Nevis attorney-at-law or based on my personal knowledge, and I believe them to be true and correct to the best of my knowledge, information, and belief. Where I have provided a legal opinion, my legal opinion is informed by my extensive experience as King's Counsel in St. Kitts and Nevis, as well as my experience as a judge in the Eastern Caribbean judicial system.

6.  Applicant Philippe Martinez ("Martinez") is a United States resident and successful film producer with a primary place of business in Florida. Martinez has produced numerous successful movies over the course of 30 years in the movie business.

7.  Martinez founded, under St. Kitts and Nevis law, Applicant MSR Media SKN Ltd. ("MSR Media SKN") and another corporate entity to bring the film industry to St. Kitts and Nevis. MSR Media SKN is a film production company that produces and films movies in St. Kitts and Nevis.

8.  Applicants learned that an organized group of individuals and entities, including Caribbean Galaxy Real Estate Corp. ("Caribbean Galaxy"), Ying Jin, and Timothy Harris (collectively, "Foreign Plaintiffs"), engaged in a scheme to defraud the St. Kitts and Nevis Citizenship by Investment ("CBI") program, in effect defrauding the people of St. Kitts and

2

Nevis as well as causing economic harm to investors in the country, including Applicants, who invested funds in St. Kitts and Nevis on the basis of the allocation to them of units for sale under the CBI program as a way to recoup their investments.

9. The St. Kitts and Nevis CBI Program offers citizenship to individuals in exchange for investment in the country. St. Kitts and Nevis law requires strict due diligence in compliance with national and international standards. Despite the rigorous requirements of citizenship, St. Kitts and Nevis—which is home to approximately 50,000 residents—has been reported to have granted over 40,000 new passports through its CBI program to date. However, the Government of St. Kitts and Nevis has never officially disclosed the actual number of passports issued.

10. In May 2022, Applicant MSR Media SKN and its affiliated entity MSR Hotels were granted 615 CBI units relating to their significant investment in the film industry in St. Kitts and Nevis. In May 2023, these units were transferred to the Approved Public Benefit program. Under the current laws of St. Kitts and Nevis, Applicant MSR Media SKN is required to sell its CBI units for US $250,000.[1]

11. Separately, in 2021, the Government of St. Kitts and Nevis granted 5,500 CBI units—an unprecedented amount—to Caribbean Galaxy in exchange for Caribbean Galaxy's commitment to build a public incarceration facility ("Jail Project") in St. Kitts. At the time of the approval, the statutorily mandated price of CBI units was US $175,000, but Caribbean Galaxy admittedly sold their units at prices that were less than the legally mandated price. It has been reported that the reduction was by 40% or significantly more. In other words, Caribbean Galaxy undercut its competitors, and was permitted to do so by the Government of St. Kitts and

---

[1] Upon the initial approval, Applicant and its affiliated entity were required to sell their CBI units at $200,000 per unit; however, St. Kitts and Nevis regulations were amended in July 2023 to increase the required sale price.

3

Nevis, by flooding the entire CBI market with its vast reserve of CBI units priced at $100,000 or less—potentially as low as $50,000.[2]

12.     The current Attorney General of St. Kitts and Nevis, Garth Wilkin, admitted to an associate of Applicants that Caribbean Galaxy sold CBI units for well below the statutory amount at an extremely high volume, resulting in at least $60 million in revenue from the sale of CBI units associated with the Jail Project.  He also stated that this conduct represented a "good scam."

*[continued next page]*

---

[2] *See, e.g.*, KN WHOOP AI, Mash It Up, Then Fix It Back! CBI Program. Hon. Mark Brantley, YOUTUBE (Nov. 16, 2023), https://www.youtube.com/watch?v=c8Xfb2nsU3E (radio interview with Premier of Nevis Mark Brantley, a Cabinet official at the time the CBI units were awarded to Caribbean Galaxy for the Jail Project, who has direct knowledge, describing the scheme and that the St. Kitts and Nevis government was aware of the scheme).



*Screenshot of conversation between Attorney General Garth Wilkin (messages with white background) and one of Applicants' advisors, Dwyer Astaphan (message with green background), discussing Caribbean Galaxy's scam, received by Applicants on August 14, 2023.*

13. In this WhatsApp message, the references to "Galaxy" and "Tim/PLP" are likely references, respectively, to Foreign Plaintiff Caribbean Galaxy and Foreign Plaintiff Timothy Harris, who was Prime Minister of St. Kitts and Nevis from February 2015 until August 2022, and his political party, the "People's Labour Party."

5

14. Funds associated with the sale of CBI units are required to be held in escrow at a financial institution in St. Kitts and Nevis. Foreign Plaintiff Harris, likely advised by former head of the Citizenship by Investment Unit, Leslie Khan, issued regulations in 2021 that eliminated this requirement for CBI units granted for the Jail Project. This tactic allowed Caribbean Galaxy to bypass the escrow rules that bound their law-abiding CBI competitors.

15. In addition, upon information and belief, Foreign Plaintiffs Caribbean Galaxy and Ying Jin agreed to pay Khan and Foreign Plaintiff Harris several thousands of dollars per CBI unit sold. The kickbacks to Harris and Khan represent a total potential value of tens of millions of dollars. Khan admitted in a recorded conversation that he earned almost $2 million per year during his time as head of the Citizenship by Investment Unit.

16. On information and belief, Khan and Harris used a portion of the proceeds from the scheme to enrich themselves and obtain real estate in the United States as well as luxury goods, and Khan and Foreign Plaintiff Harris also diverted a portion of the illicit proceeds from the scheme to offshore bank accounts.

17. Applicants learned of the scheme through their own investigation into the St. Kitts and Nevis CBI program and directed several letters and other communications to the individuals involved in this scheme as well as government officials, describing the egregious conduct and negative financial impact on Applicants' business and investments in the country and requesting that the government of St. Kitts and Nevis investigate the allegations for itself.

18. Applicants authored a letter dated November 17, 2023 ("Letter") describing the scheme. On December 8, 2023, Caribbean Galaxy and Ying Jin, its former CEO, filed suit against Applicants for defamation in the High Court of Justice in St. Kitts and Nevis regarding

the Letter. Both Applicant MSR Media SKN and Applicant Martinez have filed defences to this claim, including justification. Trial Directions have been given.

19.     On December 29, 2023, former Prime Minister Timothy Harris, who is also a current member of the National Assembly of St. Kitts and Nevis, filed a similar defamation suit in the High Court of Justice in St. Kitts and Nevis for statements contained in the same Letter. Both Martinez and MSR Media SKN have been served and filed their defence to this claim, including justification. The parties are awaiting Trial Directions.

20.     As part of their defences, Applicants seek documentary evidence of CBI-related transactions into and out of U.S. bank accounts as well as transactions that passed through U.S. banks, including Bank of America, N.A., Wells Fargo Bank, N.A., and JP Morgan Chase (collectively, the "Respondent Banks"), to demonstrate the truth of the allegations made in the Letter.

21.     Applicants reasonably believe that at least some of the relevant transactions involved the Respondent Banks. Funds associated with CBI transactions are executed in U.S. dollars and therefore flow through U.S. banks. Cross-border transactions in U.S. dollars ("USD") into and out of St. Kitts and Nevis necessarily require the use of a correspondent or intermediary U.S. bank that maintains relationships with the originating and beneficiary banks. Upon information and belief, Respondent Bank of America was, for at least part of the relevant time frame, one of the correspondent U.S. banks used by St. Kitts-Nevis-Anguilla National Bank ("National Bank") for USD transactions originating from or ending in the Caribbean. Upon information and belief, Wells Fargo, N.A. and JP Morgan Chase also served as correspondent U.S. banks for the National Bank or other Caribbean banks during at least part of the relevant time frame. Upon information and belief, a significant amount of the funds related to CBI

7

applications in St. Kitts and Nevis for the past several years have been funneled through National Bank.

22. Upon information and belief, Caribbean Galaxy maintains a USD-denominated account at Hang Seng Bank Limited, based in Hong Kong, which it used to facilitate such USD transactions. Caribbean Galaxy also maintains wire transfer instructions indicating that the Miami branch of Respondent Bank of America, located at 100 SE 2nd Street, Miami, Florida 33131, is the intermediary bank to move USD-denominated funds into Caribbean Galaxy's account at National Bank.

23. The Respondent Banks are not parties to the Defamation Proceedings and are beyond the jurisdictional reach of the courts in St. Kitts and Nevis.

24. Absent assistance obtained through the instant 28 U.S.C. § 1782 renewed application, Applicants have no practicable method to obtain highly relevant evidence in the possession, custody, or control of the Respondent Banks.

25. Records of all transactions to or from any individuals or entities that Applicants have reason to believe were directly or indirectly involved in sale of CBI units at an undervalue and/or payment of bribes would support the veracity of the allegedly defamatory statements contained in the Letter and at issue in the Defamation Proceedings. Therefore, the records requested from the Respondent Banks are highly relevant to Applicants' defences.

26. Such records are likely to be admitted into evidence in the Defamation Proceedings. In fact, financial records are routinely sought and admitted in litigation before the High Court of Justice in St. Kitts and Nevis, and the High Court of Justice has not indicated in the Defamation Proceedings that it would not accept the evidence sought by the Applicants.

27.     There is no rule of law in St. Kitts and Nevis that would require the exclusion of evidence obtained through a foreign discovery procedure, and I am not aware of any cases in St. Kitts and Nevis where these types or records, or where records obtained through a foreign discovery procedure, were not admitted into evidence due to the provenance of the records.

28.     Based on my experience as a High Court Judge in Antigua and Barbuda, and in Anguilla, I believe that the High Court of Justice in St. Kitts and Nevis would be receptive towards any discovery ordered from the Respondent Banks in these proceedings, and that the court would permit Applicants to rely on them in evidence at trial.

\* \* \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of June, 2024
Basseterre, St. Kitts

*Damian Kelsick*
_____
DAMIAN E. S. KELSICK, KC
Kelsick, Wilkin & Ferdinand

9