UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
C.A. No. 24-cv-20492-Altman/Reinhart

| | |
|---|---|
| In re Application of | : |
| | : |
| PHILIPPE MARTINEZ, | : |
| MSR MEDIA SKN LTD., | : |
| | : |
| Applicants, for an Order Pursuant to | : |
| 28 U.S.C. § 1782 to Conduct Discovery | : |
| for Use in Foreign Proceedings. | : |

# REPLY TO OPPOSITIONS TO RENEWED § 1782 APPLICATION AND OPPOSITION TO ALTERNATIVE MOTION FOR PROTECTIVE ORDER

**MILLER & CHEVALIER CHARTERED**

Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (admitted *pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com

Dated: July 8, 2024

*Attorneys for Applicants, Philippe Martinez and MSR Media SKN Limited*

**TABLE OF CONTENTS**

I. THE STATUTORY REQUIREMENTS ARE MET BECAUSE THE DISCOVERY IS "FOR USE" IN THE FOREIGN DEFAMATION PROCEEDINGS .................................................................................................... 1

II. THE DISCRETIONARY *INTEL* FACTORS ALL WEIGH IN FAVOR OF GRANTING THE APPLICATION ...................................................................................... 3

    A. Respondent Banks Are Not Participants in the Foreign Proceedings ..................... 3

    B. The Foreign Tribunal Is Likely Receptive to U.S. Judicial Assistance .................. 4

    C. The Application Is Not an Attempt to Circumvent Foreign Proof-Gathering Restrictions .............................................................................................. 5

    D. The Discovery Sought Is Not Unduly Intrusive or Burdensome ............................ 5

III. THERE ARE NO "ONGOING ABUSES WARRANTING DENIAL OF THE RENEWED APPLICATION" .................................................................................... 7

IV. INTERVENOR'S ALTERNATIVE MOTION FOR A PROTECTIVE ORDER SHOULD BE DENIED ................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*In re Accent Delight Int'l Ltd.*,
  869 F.3d 121 (2d Cir. 2017)..................................................................................................10

*In re Banco Sistema S.A.*,
  No. 23-21868-MC, 2024 U.S. Dist. LEXIS 75146 (S.D. Fla. Apr. 24, 2024) ..................3, 4, 6

*In re Bernal*,
  No. 18-21951-MC, 2018 U.S. Dist. LEXIS 212722 (S.D. Fla. Dec. 18, 2018) ............1, 2, 3, 5

*In re Clerici*,
  481 F.3d 1324 (11th Cir. 2007) ...............................................................................................1

*Glock v. Glock, Inc.*,
  797 F.3d 1002 (11th Cir. 2015) .........................................................................................9, 10

*Gyptec S.A. v. Hakim-Daccach*,
  No. 16-civ-20810, 2018 U.S. Dist. LEXIS 167711 (S.D. Fla. Sept. 28, 2018).......................10

*Gyptec, S.A. v. Hakim-Daccach*,
  No. 16-civ-20810, 2017 U.S. Dist. LEXIS 181778 (S.D. Fla. Sept. 27, 2017).........................3

*In re Kreke Immobilien KG*,
  No. 13 Misc. 110, 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013)...............................................4

*In re Petrus Advisers Invs. Funds, L.P.*,
  No. 22-cv-22437, 2023 U.S. Dist. LEXIS 92795 (S.D. Fla. May 25, 2023).............................4

*In re Pons*,
  No. 19-23236-MC, 2020 WL 364125 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F.
  Supp. 3d 1134 (S.D. Fla. Apr. 13, 2020) .................................................................................7

*Rothe v. Aballí*,
  No. 20-12543, 2021 U.S. App. LEXIS 29174 (11th Cir. Sept. 27, 2021)................................4

**Statutes**

28 U.S.C. § 1782................................................................................................................ *passim*

Applicants Philippe Martinez and MSR Media SKN Ltd. filed their Renewed Application for an Order Pursuant to 28 U.S.C. § 1782 on June 14, 2024. ECF No. 35. Intervenor Timothy Harris opposes the Renewed Application and moves in the alternative for a protective order. ECF No. 38 ("Harris Opp."). Intervenors Caribbean Galaxy Real Estate Corporation and Ying Jin (collectively, "Caribbean Galaxy") filed a similar response, relying extensively on the Harris Opposition. ECF No. 39 ("Caribbean Galaxy Opp."). Because both responses make similar arguments, Applicants hereby submit a consolidated reply.

The Intervenors' main argument for opposing the original Application was their lack of notice. With that argument gone, they are left with rehashing arguments that the discovery is not "for use" in the foreign proceeding and is an attempt to circumvent foreign proof-gathering restrictions. They continue to rely on the same arguments and the same February 28, 2024, Declaration of John Carrington, which the Court previously found unpersuasive. *See* Order of June 7, 2024 (ECF No. 34) at 6 n.6. Because the statutory and discretionary *Intel* factors are satisfied, the Court should grant the Renewed Application.

**I.    The Statutory Requirements Are Met Because the Discovery Is "For Use" in the Foreign Defamation Proceedings**

With respect to the four statutory requirements for obtaining discovery under § 1782, *see In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007), both Harris and Caribbean Galaxy argue that only the "for use" in the foreign proceeding requirement is not met, impliedly conceding that the other three requirements are met. *See* Harris Opp. at 4-9; Caribbean Galaxy Opp. at 7-10. To satisfy the "for use" requirement, a § 1782 applicant need only establish that he or she has the "practical ability to inject the requested information into a foreign proceeding." *In re Bernal*, No. 18-21951-MC, 2018 U.S. Dist. LEXIS 212722, at *11-12 (S.D. Fla. Dec. 18, 2018) (internal quotation and citation omitted). "[T]he term 'for use' in Section 1782 has only its ordinary

1

meaning—that the requested discovery is something that will be employed with some advantage or serve some use in the proceeding." *Id.* at *12 (internal citation and quotation omitted).

Harris and Caribbean Galaxy argue, as before, that this requirement is not met because, according to St. Kitts and Nevis attorney John Carrington, parties who assert a justification defense in a St. Kitts and Nevis defamation proceeding must plead the particulars in their defense rather than use discovery as a "fishing expedition" to establish a defense. Harris Opp. at 4-9; Caribbean Galaxy Opp. at 7-10. Mr. Carrington asserts that a defendant in a defamation proceeding in St. Kitts and Nevis is not "allowed to serve interrogatories" on the plaintiff "in order to fish for a defence of justification." ECF No. 38-1 ¶ 18 (internal quotation and citation omitted); *see also id.* ¶ 19 (citing a case where the defendant was "refused permission to allow interrogatories before he pled/disclosed his defence"). Similarly, Mr. Carrington asserts that "Norwich Pharmacal" Orders, which are used to obtain *pre-action* disclosure of defamatory material from a third party, are not granted if the court "finds that the application is being used to engage in a fishing expedition." *Id.* ¶¶ 23, 24, 26.

Here, as the Court has noted, "[f]ar from being engaged in a 'fishing expedition,' the Applicants are the *defendants* in the St. Kitts and Nevis proceedings," ECF No. 34 at 6 n.6, and they submitted detailed defenses, ECF Nos. 35-7, 35-8. They are not seeking pre-action discovery from plaintiffs in order to plead a defense, or even to plead the particulars of the defense. As is always the case with discovery, they seek evidence to support the claims already made in the defense. *See* ECF No. 38-1 ¶ 18. Unlike the litigants in the cases cited by Mr. Carrington, Applicants are not seeking discovery *before* filing a defense.

Further, nowhere in Mr. Carrington's declaration does he offer any authoritative proof that the High Court of Justice of St. Kitts and Nevis would reject evidence obtained from the

2

grant of this § 1782 application. *See* ECF No. 38-1. "That's significant because, '[i]n the absence of "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," a district court should err on the side of permitting discovery.' It's also been [the Court's] general practice, when there's some genuine debate about the admissibility of § 1782 evidence, to allow the discovery to proceed." ECF No. 34 at 6 n.6 (internal citation omitted). *See also In re Bernal*, 2018 U.S. Dist. LEXIS 212722, at *18 ("courts look for authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782") (internal quotation and citation omitted).

Moreover, it is well-established that there is no requirement under § 1782 that the discovery sought be discoverable or admissible in the foreign proceeding. *See* Renewed Application, ECF No. 35-1 at 10-12. Rather, "courts should err on the side of ordering discovery, since foreign courts can easily disregard any material that they do not wish to consider." *Gyptec, S.A. v. Hakim-Daccach*, No. 16-civ-20810, 2017 U.S. Dist. LEXIS 181778, at *22 (S.D. Fla. Sept. 27, 2017) (citations and quotations omitted); *accord In re Banco Sistema S.A.*, No. 23-21868-MC, 2024 U.S. Dist. LEXIS 75146, at *9 (S.D. Fla. Apr. 24, 2024).

**II.    The Discretionary *Intel* Factors All Weigh in Favor of Granting the Application**

    **A.    Respondent Banks Are Not Participants in the Foreign Proceedings**

Intervenors do not dispute that the Respondent Banks are not participants in the foreign proceedings. Harris Opp. at 10-11; Caribbean Galaxy Opp. at 11. Instead, they assert that Applicants should be required to first attempt to obtain the discovery over third parties over whom the foreign tribunal has jurisdiction, such as the St. Kitts-Nevis-Anguilla National Bank

("National Bank").  *Id.*[1]  There is, however, no requirement in this jurisdiction that a § 1782 applicant first attempt to obtain the discovery in the foreign tribunal.  *Rothe v. Aballí*, No. 20-12543, 2021 U.S. App. LEXIS 29174, at *4 (11th Cir. Sept. 27, 2021); *In re Banco Sistema S.A.*, No. 23-21868, 2024 U.S. Dist. LEXIS 75146, at *9-10 (S.D. Fla. Apr. 24, 2024); *In re Petrus Advisers Invs. Funds, L.P.*, No. 22-cv-22437, 2023 U.S. Dist. LEXIS 92795, at *11 (S.D. Fla. May 25, 2023).  In recent years, "this Court has also refused to engraft a 'quasi-exhaustion requirement' onto section 1782 that would force litigants to seek 'information through the foreign or international tribunal' before requesting discovery from the district court . . . ." *In re Banco Sistema S.A.*, 2024 U.S. Dist. LEXIS 75146, at *9 (quoting *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995)).  Whether Applicants could seek and obtain the same information from the National Bank is, therefore, irrelevant because Applicants are not required to first pursue all discovery opportunities in St. Kitts and Nevis.

### B.     The Foreign Tribunal Is Likely Receptive to U.S. Judicial Assistance

As to the second *Intel* factor, whether the foreign tribunal is likely receptive to U.S. judicial assistance, both Intervenors simply refer back to their arguments as to why the discovery supposedly is not "for use" in the foreign proceeding.  These arguments (namely that the discovery constitutes a "fishing expedition" and that the discovery supposedly could not be sought in the foreign proceeding) have no factual or legal merit, as discussed in Part I above.  *See also* ECF No. 34 at 6 n.6.  Further, these arguments are not relevant to this factor, which looks to whether the foreign tribunal is amenable to accepting the assistance of U.S. courts, which the

---

[1] Intervenors primarily rely on *In re Kreke Immobilien KG*, No. 13 Misc. 110, 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) in support of their arguments.  However, the court in *Kreke* found that the first *Intel* factor weighed against discovery where discovery was sought from Deutsche Bank, the parent of a wholly-owned subsidiary, which was a named party in the foreign litigation.  *Id*. at *5.  Such facts are fundamentally different from the instant case, where Intervenors suggest that the evidence could instead be obtained from a party unrelated to the Foreign Defamation Proceedings.

4

Intervenors and the Carrington declaration do not address. As Applicants set forth in their Renewed Application, courts within the Eastern Caribbean Supreme Court system, of which the High Court of Justice in St. Kitts and Nevis is a constituent court, have previously accepted the assistance of U.S. courts via § 1782 discovery. ECF No 35-1 at 16-18.

### C. The Application Is Not an Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor considers whether there are "rules akin to privileges that *prohibit* the acquisition or use of certain materials." *In re Bernal*, 2018 U.S. Dist. LEXIS 212722, at *22. The Intervenors fail to identify any such rules governing St. Kitts and Nevis proceedings that would prohibit acquisition or use of U.S. bank records. Instead, Intervenors argue again that Applicants should first seek the discovery from the National Bank in the Foreign Defamation Proceedings. Harris Opp. at 11-12; Caribbean Galaxy Opp. at 12. This argument is inconsistent with Intervenors' position that there is no discovery mechanism in St. Kitts and Nevis for obtaining bank records in support of a defamation defense. But, in any event, as noted, there is no requirement in this jurisdiction that a § 1782 applicant first attempt to obtain discovery in the foreign jurisdiction. *See* Part II.A. above.

### D. The Discovery Sought Is Not Unduly Intrusive or Burdensome

Intervenors assert that Applicants' proposed subpoenas fail to satisfy the fourth *Intel* discretionary factor because they are "unduly intrusive, overbroad, and burdensome." Harris Opp. 12; Caribbean Galaxy Opp. 13 (citing *Intel*, 542 U.S. at 264-65). They are not. As described in detail in the Renewed Application, the information sought from Respondent Banks is highly relevant to the Foreign Defamation Proceedings and is appropriately limited in time and scope to that which is necessary to Applicants' defense in the Foreign Defamation Proceedings. ECF No. 35-1 at 3-8, 21-23. Intervenors object to Applicants' use of the phrase "relating to" in

5

the proposed subpoenas, which they criticize as overbroad on its face. Harris Opp. 12; Caribbean Galaxy Opp. 13. But they refrain from quoting the remainder of each of Applicants' tailored requests *following* the phrase, in which Applicants detail the specific information sought from Respondent Banks, including topics, relevant parties, key terms, and timeframe, which are all clearly relevant to the substance of the Foreign Defamation Proceedings.

In criticizing the breadth and scope of Applicants' proposed subpoenas, Intervenors make a series of simple conclusory assertions. Both Intervenors assert that Applicants seek "a potentially unlimited universe" of documents. Harris Opp. 12; Caribbean Galaxy Opp. 13. Intervenor Caribbean Galaxy further claims that Applicants "… merely want to fish for anything of value that may show up in their dragnet" and that Applicants' request is based on "mere speculation." Caribbean Galaxy Opp. 14, 15. Intervenors present these characterizations as facts without providing support, relying only on plainly insufficient conclusory allegations. *See In re Banco Sistema S.A.*, 2024 U.S. Dist. LEXIS 75146, at *17 ("It is well understood … that a party objecting to a subpoena as overly broad and unduly burdensome must submit detailed affidavits or other specific evidence in support of its objections." (internal citations omitted)). In doing so, Intervenors raise an insufficient and meritless blanket objection to Applicants' effort to seek information that is clearly relevant to the Foreign Defamation Proceedings. *See id.* at *19 (finding no merit in a "blanket objection" to subpoenas seeking "topics that are clearly relevant to the ongoing litigation . . . and would, in all likelihood, lead to the discovery of potentially admissible evidence that could be used in that litigation.")

Intervenors also inappropriately introduce arguments on behalf of "innocent third parties (the Respondent Banks)" and other individuals and entities identified in the proposed subpoenas. Harris Opp. at 13; *see also* Caribbean Galaxy Opp. at 13. Intervenors do not represent the

6

Respondent Banks or other parties. Regardless, the requests are not burdensome or intrusive upon the Respondent Banks. *See, e.g.*, *In re Pons,* No. 19-23236-MC, 2020 WL 364125, at *7 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. Apr. 13, 2020) (holding that a subpoena was not unduly intrusive or burdensome because it "seeks relevant evidence from a third party who is [in] possession of such evidence…" and the relevant period of time was specified). Bank records are routinely produced pursuant to § 1782 applications in this District and in others. Many large financial institutions, such as the Respondent Banks, maintain subpoena or legal processing departments dedicated to receiving requests and conducting necessary searches. Applicants will meet and confer in good faith with Respondent Banks to address any reasonable concerns about burden.

### III.    There Are No "Ongoing Abuses Warranting Denial of the Renewed Application"

Caribbean Galaxy devotes a substantial portion of its response relitigating its motion to quash the original § 1782 application by complaining repeatedly about the absence of notice, additional subpoenas, and a reissued subpoena to Standard Chartered Bank. Caribbean Galaxy Opp. at 1-5, 15-18. Worse, it mischaracterizes the procedural history and makes indefensible accusations that Applicants have made misrepresentations to the Court, violated Court orders, and illegally obtained documents. *See id.* at 1 n.2 ("Applicants unlawfully obtained protected financial and banking records"); *id.* at 2 (the Application "misinformed the Court the requested discovery would be 'for use' in the underlying St. Kitts foreign proceedings"); *id.* at 3 (stating "applicants did *not* fully come clean"); *id.* at 3-4 (claiming Applicants "concealed" from the Court the Standard Chartered Bank subpoena); *id*. at 4 (Applicants "tried to cover their tracks"); *id*. at 5 (referencing supposed "clandestine activities"); *id.* at 16 (alleging Applicants have "violated this Court's Orders" and made "misrepresentations and omissions to the Court").

7

According to Caribbean Galaxy, "Applicants' repeated intentional abuses of the judicial process and discovery violations warrant denial of the Renewed Application." *Id.* at 15.

Despite all the overheated rhetoric and flamethrowing, Caribbean Galaxy fails to identify *any* wrongful conduct. Its primary complaint is that it lacked notice of the original application. The opposition references "secret subpoenas" a dozen times. Although the Court ultimately concluded that Caribbean Galaxy and Harris were entitled to notice, there was nothing abusive or nefarious about the lack of notice. Section 1782 is silent on the notice issue, and the Court noted that a 2017 decision from the Eastern District of Virginia is "the only case we've found on this issue." ECF No. 34 at 13. Moreover, the Court recognized "[t]his is not a well-developed area of the law, and this Order shouldn't be construed as a browbeating." *Id.* at 16 n.9.

Next, Caribbean Galaxy attempts to characterize as abusive and clandestine the Applicants' issuance of subpoenas to other financial institutions seeking the same records as sought in the Bank of America subpoena at issue in the original Application. Caribbean Galaxy Opp. at 3-5. But, as the Court noted in its June 7 Order, its February 8 Order granting the original Application "authoriz[ed] the Applicants to serve the subpoena on Bank of America' *and 'any other person, corporate entity, or financial institution found or residing in this District as may be necessary to obtain testimonial or documentary evidence described in the application*." ECF No. 34 at 3 (quoting Order Granting *Ex Parte* Application at 6) (emphasis added). Other than the lack of notice, which the Court subsequently addressed, Caribbean Galaxy fails to explain why the additional subpoenas were improper. Moreover, there is no basis for Caribbean Galaxy's claims that documents obtained through the subpoenas before its motion to quash was granted were "unlawfully obtained." Caribbean Galaxy Opp. at 1 n.2.

8

Finally, Caribbean Galaxy is inexplicably apoplectic about the subpoena for Standard Chartered Bank records. *See id.* at 3-4. Applicants issued a subpoena to what they believed was the correct legal name of Standard Chartered Bank's U.S. entity: "Standard Chartered International (USA) LLC, (d/b/a Standard Chartered Bank)," at the Delaware address of its agent for service of process. Following up with the Bank, counsel was informed that the subpoena for records from Standard Chartered Bank's U.S. entity should be addressed to the New York headquarters address, which led to the issuance of the corrected subpoena. There was no effort to misrepresent or conceal any information from the Court. Moreover, because Intervenors raised concerns about whether Standard Chartered Bank is "found in or resides in" this District, Applicants did not include Standard Chartered Bank in the Renewed Application.

## IV.    Intervenor's Alternative Motion for a Protective Order Should Be Denied

In the alternative, Intervenor Harris moves for a protective order, Harris Opp. 14-15, and Intervenors Caribbean Galaxy seek a confidentiality order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), Caribbean Galaxy Opp. 19. Neither a protective order nor confidentiality order is warranted here.

There is no default evidentiary rule that precludes subsequent use of information that a party "lawfully possesses," and the same is true of evidence lawfully obtained via § 1782. *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007-1008 (11th Cir. 2015). The Eleventh Circuit recognized:

> Allowing parties to use, for purposes of litigation, documents they have lawfully obtained, regardless of whether they could have obtained them through discovery in the case in which they use them, furthers [the goals of our system of civil litigation]. We see no reason why a different rule should apply to the use, in United States litigation, of documents that were previously lawfully obtained under § 1782.

9

*Id.* at 1008; *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134-35 (2d Cir. 2017)

(adopting the Eleventh Circuit's reasoning in *Glock v. Glock, Inc.*, 797 F.3d 1002).  The

Eleventh Circuit went on to conclude:

> The restrictions on subsequent use of evidence obtained under § 1782 urged here by the [Movants] are simply not supported by the statutory text, legislative history, conventional discovery practice, or policy considerations. In short, we find that § 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation.

*Glock*, 797 F.3d at 1010; *c.f. Gyptec S.A. v. Hakim-Daccach*, No. 16-civ-20810, 2018 U.S. Dist.

LEXIS 167711, at *13-14 (S.D. Fla. Sept. 28, 2018) ("[T]here is nothing in § 1782 that states

that a related action pending in another court in this country precludes a court from permitting

discovery to proceed related to a proceeding in a foreign tribunal made by an interested

person.").

Moreover, Intervenors have not demonstrated "good cause" to warrant a protective or confidentiality order in this matter.  Indeed, Intervenors Caribbean Galaxy only vaguely assert that "[t]he concern over production of financial information is a legitimate one in the circumstances of this case" with no further discussion of the relevant "circumstances," other than the inaccurate and overblown rhetoric addressed in Part III above.  Caribbean Galaxy Opp. 19.  These vague and untrue assertions do not support the entry of a protective order where § 1782 does not, as a matter of law, preclude subsequent use of lawfully obtained discovery.  Therefore, Intervenors have not established good cause required under Federal Rule of Civil Procedure 26(c).

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: July 8, 2024

11

12

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Timothy Harris, Ying Jin, and Caribbean Galaxy Real Estate Corporation, via such means.

/s/ Lisandra Ortiz
Lisandra Ortiz, Esq.