**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
C.A. No. 24-cv-20492-ALTMAN

In re Application of                          :
                                             :
PHILIPPE MARTINEZ,                           :
MSR MEDIA SKN LTD.,                          :
                                             :
Applicants, for an Order Pursuant to         :
28 U.S.C. § 1782 to Conduct Discovery        :
for Use in Foreign Proceedings.              :

**OPPOSITION TO INTERVENORS YING JIN AND CARIBBEAN GALAXY REAL
ESTATE CORPORATION'S MOTION FOR EXTENTION**

Applicants Philippe Martinez and MSR Media SKN Ltd. oppose the motion for extension

filed by Caribbean Galaxy Real Estate Corporation and Ying Jin ("Intervenors").  *See* ECF No.

45.

Magistrate Judge Reinhart entered an order granting Applicants' Renewed Application to

conduct discovery pursuant to 28 U.S.C. § 1782 on July 23, 2024.  ECF No. 42.  On July 24, the

Court entered an order directing the Clerk to close the case.  ECF No. 43. Under Federal Rule of

Civil Procedure 72(a), objections to Magistrate Judge Reinhart's order were due yesterday, August

6, 2024.  On August 6, at 11:51 pm, Sam Williamson of Quinn Emmanuel filed a motion for

extension on behalf of Intervenors.  ECF No. 45.  Mr. Williamson is representing the Intervenors

in a related § 1782 proceeding in the Southern District of New York, *In re Application of Philippe

Martinez*, No. 1:24-mc-00306 (S.D.N.Y.), but had not previously appeared in this action.

Intervenors provide no explanation for why they waited 9 minutes before the deadline for Rule 72

objections to seek an extension.  *See* ECF No. 45.

1

Leaving aside the inexcusably last-minute nature of the motion, it should be denied on the merits.  Intervenors seek an extension so that Magistrate Judge Reinhart can rule on a motion for reconsideration, filed concurrently with the extension motion.  *See* ECF No. 44.  Applicants will timely file an opposition to the motion for reconsideration.  The motion for extension, premised as it is on a meritless motion for reconsideration, is simply a misguided delay tactic.

The motion for reconsideration asserts that Magistrate Judge Reinhart should reconsider his order because of supposed "newly discovered evidence," consisting of three public statements Mr. Martinez made on April 19, May 23, and June 6, 2024.  ECF No. 44 at 2-4.  All three statements predate Applicants' June 14, 2024, Renewed Application to conduct § 1782 discovery (ECF No. 35), and therefore also predate Intervenors' June 28, 2024, opposition brief.  ECF No. 39).  The motion for reconsideration offers no authority that would support characterizing public statements available well before Magistrate Judge Reinhart entered his July 23 order as "newly discovered evidence."  Moreover, Intervenors relied on these very statements in a July 30, 2024, filing in the Southern District of New York, so even Mr. Williamson has known about the statements well before his eleventh-hour extension motion.  *In re Application of Philippe Martinez*, No. 1:24-mc-00306, Memorandum of Law In Opposition to Petitioners' Application For An Order Pursuant to 28 U.S.C. § 1782 To Conduct Discovery For Use In A Foreign Proceeding, ECF No. 22 at 9-12 (July 30, 2024) (quoting same April 19 and June 6 interviews with Mr. Martinez).

As further evidence that the motion for reconsideration lacks merit and is a pretext for delay, and therefore does not justify an extension of the now-expired Rule 72 deadline, there is no credible argument that the recent public statements would cause Magistrate Judge Reinhart to conclude that the discovery sought is not actually "for use" in defamation proceedings brought by the Intervenors against Applicants.  Intervenors previously argued to Magistrate Judge Reinhart

that Intervenors intended to also use the discovery in the U.S. civil RICO action and indeed sought a protective order that would prohibit any use of the discovery in the U.S. proceeding. ECF No. 39 at 9 n. 4 (contending that "Applicants' goal all along has been to misuse the § 1782(a) procedure to seek documents and information for use in preparing and prosecuting their separate federal court action they filed against Dr. Harris, Caribbean Galaxy, and others in the Middle District of Florida on May 23, 2024"); *id.* at 18 ("Applicants' misuse of this § 1782 proceeding to mine for evidence to support their separate federal court action is yet another factor warranting denial of the Renewed Application."); *id.* at 19 (seeking an order limiting use to the St. Kitts and Nevis proceeding). Similarly, Timothy Harris, another intervenor in this action, sought a protective order from Magistrate Judge Reinhart to preclude Applicants from using the discovery in the U.S. civil RICO action, referring to statements made by Mr. Martinez in press conferences. ECF No. 38 at 14-15, 15 n. 10 ("Later, in press conferences, Applicants publicly gloated about receiving financial records through this § 1782 proceeding"). Mr. Harris also asserted that Applicants had used financial records received pursuant to § 1782 subpoenas "in an attempt to substantiate baseless RICO allegations in their newly-filed lawsuit in the Middle District of Florida." ECF No. 38 at 15. Intervenors Caribbean Galaxy and Ying Jin even filed a sur-reply arguing why the potential use of the discovery in the U.S. proceeding entitled them to a protective order. ECF No. 41.

In granting Applicants' Renewed application and denying Intervenors' motion for a protective order, Magistrate Judge Reinhart rejected Intervenors' arguments that the discovery was not "for use" in the St. Kitts and Nevis proceeding and that its ancillary use in the U.S. proceeding warranted protective order relief:

> As the Eleventh Circuit held in *Glock*, Section 1782 evidence can be used in a domestic lawsuit. 797 F.3d at 1010 ("[W]e find that § 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation."). The record shows that Applicants intend to use the

3

evidence in the Foreign Lawsuits so, even if there is an ancillary use in the United States, I decline to draw any adverse inference from this conduct.

ECF No. 42 at 11; *see also id.* at 3 ("Like Judge Altman, I reject the Intervenors' argument that the evidence is not being sought "for use in a proceeding in a foreign or international tribunal."")

Accordingly, the Court should deny the motion for extension because Intervenors did not timely seek it, and the meritless motion for reconsideration is no reason to reopen this now closed action.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (admitted *pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: August 7, 2024

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2024, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record filed via the CM/ECF system.

/s/ Lisandra Ortiz
Lisandra Ortiz, Esq.