UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-20492-ALTMAN/REINHART

IN RE:

APPLICATION FOR AUTHORIZATION TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782,

_____/

**ORDER ON MOTION FOR RECONSIDERATION [ECF No. 44]**

Ying Jin, and Caribbean Galaxy Real Estate Corporation, (collectively "Intervenors") ask for reconsideration of my July 23 Order [ECF No. 42] permitting Phillipe Martinez and MSR Media SKN Ltd. ("Applicants") to obtain discovery under 28 U.S.C. §1782 ("the §1782 discovery"). Intervenors say that Applicants have made recent public statements ("the new evidence") demonstrating that the §1782 discovery is not "for use in a proceeding in a foreign or international tribunal." ECF No. 44 at 2. Rather, Intervenors say these public statements show that Applicants' "true aim is to use that evidence in a proceeding currently pending in the U.S. District Court for the Middle District of Florida." *Id*. Applicants say the new evidence is not newly discovered and, even if it is, it does not change the §1782 analysis. ECF No. 51.

Reconsideration is "an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, No. 15-cv-24294, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017)) (citation omitted).  A motion for reconsideration "cannot be used to relitigate old matters, [or] raise argument or present evidence that could have been

raised prior to the entry to judgment." *Id.* (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (citation omitted). Newly discovered evidence can be a ground for reconsideration. *Smith v. Ocwen Financial,* 488 Fed. Appx. 426 (11th Cir. 2012).

I do not need to resolve the parties' dispute whether Intervenors knew about Applicants' public statements, or could have discovered them through due diligence, before the July 23 Order. Even assuming the new evidence is newly discovered, it does not warrant a different result.

As my July 23 Order reflects, I was aware that the Applicants intended to use some of the §1782 discovery in the Middle District of Florida case:

> Dr. Harris also says that the Applicants improperly attempted to use Section 1782 evidence as a subterfuge to "substantiate baseless RICO allegations in their newly-filed lawsuit in the Middle District of Florida." *Id.* As the Eleventh Circuit held in *Glock,* Section 1782 evidence can be used in a domestic lawsuit. 797 F.3d at 1010 ("[W]e find that § 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation."). The record shows that Applicants intend to use the evidence in the Foreign Lawsuits so, even if there is an ancillary use in the United States, I decline to draw any adverse inference from this conduct.

ECF No. 42 at 11. The new evidence may support the conclusion that the Applicants intend to use the §1782 discovery in the RICO litigation, but it does not refute that they also intend to use that evidence in proceedings in St. Kitts and Nevis. The Eleventh Circuit has said that this kind of dual intention does not preclude a party form invoking §1782. *Glock v. Glock, Inc.,* 797 F.3d 1002, 1010 (11th Cir. 2015).

Intervenors say that even if the evidence is for use in the foreign proceedings the new evidence affects the third and fourth discretionary *Intel* factors, which are:

3. Whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

4. Whether the discovery is "unduly intrusive or burdensome."

*Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004).

First, Intervenors say the §1782 request is an improper attempt to obtain discovery before they can "test the sufficiency of the allegations in Applicants' [RICO] complaint" including whether personal jurisdiction exists in the Middle District of Florida. Next, Intervenors say that the §1782 request, even as narrowed by the July 23 Order, is unduly intrusive or burdensome.

Neither argument changes the *Intel* analysis. Intervenors have not shown what proof-gathering restriction or policy is being circumvented, even assuming the §1782 discovery will be used to defend against a motion to dismiss the RICO complaint. The U.S. federal courts do not prohibit a party from obtaining discovery to defend against a motion to dismiss. For example, in appropriate circumstances, a party can take jurisdictional discovery. And, many judges in this District refuse to stay discovery simply because a defendant has filed a motion to dismiss. Allowing the §1782 discovery will not circumvent any U.S. policy or proof-gathering restriction.

Intervenors also have not shown that the §1782 request, as narrowed by the July 23 Order is unduly intrusive or burdensome. They say the new evidence changes the *Intel* analysis because "the reason for the overbreadth is to conduct a fishing expedition for material that might support the RICO action." ECF No. 44 at 9–10. But, a party's *motivation* for making a discovery request does not affect whether that

request is overbroad — it either is, or it isn't — or whether it would be unduly burdensome for the responding party to comply with the request — it either would, or it wouldn't.

Finally, Intervenors say that the new evidence justifies a protective order that prohibits Applicants from using the §1782 evidence in the RICO action because Applicants want this evidence "for primary (and potentially exclusive) use in the RICO action." ECF No. 44 at 10. Nothing about the new evidence changes my view that the judge(s) in the Middle District of Florida are in the best position to decide whether the §1782 evidence can be used in the RICO case. Intervenors retain all their rights to oppose that use. They have not shown good cause for a protective order from this Court at this time. The Motion for Reconsideration is DENIED.

**DONE AND ORDERED** in Chambers this 27th day of August 2024 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

4