**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
C.A. No. 24-cv-20492-ALTMAN/Reinhart

| | |
|---|---|
| In re Application of | : |
| | : |
| PHILIPPE MARTINEZ, | : |
| MSR MEDIA SKN LTD., | : |
| | : |
| Applicants, for an Order Pursuant to | : |
| 28 U.S.C. § 1782 to Conduct Discovery | : |
| for Use in Foreign Proceedings. | : |

**APPLICANTS' RESPONSE TO INTERVENORS YING JIN AND CARIBBEAN GALAXY REAL ESTATE CORPORATION'S OBJECTIONS TO ORDERS GRANTING RENEWED APPLICATION FOR FOREIGN DISCOVERY UDER 28 U.S.C. § 1782 AND DENYIG INTERVENORS MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (admitted *pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: September 17, 2024

## INTRODUCTION

Intervenors Caribbean Galaxy Real Estate Corporation ("Caribbean Galaxy") and Ying Jin (collectively, the Caribbean Galaxy Parties) have objected to two separate orders, each of which must be evaluated on its own merits, despite the Caribbean Galaxy Parties' efforts to ignore the distinction between the two orders. The main order under review is Magistrate Judge ("Judge") Reinhart's July 23, 2024, Order granting Applicants' request to conduct discovery under 28 U.S.C. § 1782 in aid of foreign proceedings (ECF No. 42). The objections do not identify any respect in which Judge Reinhart misapplied the law, nor do they come close to demonstrating that he was clearly erroneous in concluding that the discovery was "for use" in the foreign proceedings. Moreover, the objections do not support a conclusion that Judge Reinhart abused his discretion when he determined that the *Intel* factors weighed in favor of discovery. The objections do not identify any misapplication of *Intel*, nor do they establish that the factual premise for Judge Reinhart's *Intel* ruling was clearly erroneous. Accordingly, the objections to the July 23 § 1782 Order must be overruled.

The second order under review is Judge Reinhart's August 27, 2024, Order denying the Caribbean Galaxy Parties' motion for reconsideration (ECF No. 54). Motions for reconsideration are rarely granted, and Judge Reinhart did not misapply the law, abuse his discretion, or engage in clear error when he denied that motion. As Judge Reinhart noted, the Caribbean Galaxy Parties were simply rearguing their contention that the § 1782 discovery also has relevance to a U.S. proceeding on the same subject matter. Accordingly, the objections to the August 27 Reconsideration Order also must be overruled.

The gravamen of the objections is that Judge Reinhart acted contrary to law and engaged in clear error when he granted the § 1782 application because the discovery potentially had

relevance to a U.S. proceeding.  But the law squarely supports Judge Reinhart's conclusion that a dual purpose is not disqualifying, and the Caribbean Galaxy Parties' position that the discovery had use *only* in the U.S. litigation proceeding defies logic and common sense and was not supported by even their own foreign law expert.  The Caribbean Galaxy Parties initiated the foreign proceedings; they may not use the fact that there is U.S. litigation over the same subject matter to block MSR's discovery in aid of defending against their claims in the foreign proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Foreign Defamation Proceedings*

Philippe Martinez and MSR Media SKN Ltd. (collectively, "Applicants" or "MSR") uncovered substantial evidence of fraud and corruption in the Citizenship by Investment ("CBI") program in St. Kitts and Nevis (or, "SKN").  Specifically, MSR learned that Caribbean Galaxy, under the leadership of then CEO Ying Jin, corruptly influenced high-ranking St. Kitts and Nevis officials, including former Prime Minister Timothy Harris, who was also the Minister for Citizenship, and the now-former head of the SKN CBI Unit, Leslie Khan.  As a result of this undue influence, Caribbean Galaxy obtained a near-monopoly power over the SKN CBI market, evaded or eliminated important due diligence and escrow requirements, and drove out other investors, including MSR, by illegally underselling CBI shares at well below the regulatory minimum price.  After unsuccessful attempts to engage the St. Kitts and Nevis authorities in addressing the Caribbean Galaxy CBI scheme, MSR sent a pre-action letter on November 17, 2023, to Timothy Harris, Leslie Khan, and former SKN Attorney General Vincent Byron, copying Ying Jin and others.  ECF No. 35–5 at 16.  The letter references an impending legal action in the United States against Messrs. Harris, Khan, and others.  *Id.* at 17.

On December 8, 2023, Caribbean Galaxy and Ying Jin brought a defamation claim in the High Court of Justice (Civil) of the Eastern Caribbean Supreme Court, St. Christopher and Nevis

Circuit against MSR.  ECF No. 35–5 at 2 (Caribbean Galaxy/Ying Jin Statement of Claim).  On December 29, 2023, Mr. Harris brought a similar defamation action in the same court.  ECF No. 35–6 (Harris Statement of Claim).  Collectively these proceedings are the "Foreign Defamation Proceedings" for which MSR has sought discovery under 28 U.S.C. § 1782, which allows U.S. discovery in aid of a foreign proceeding.

### B.    MSR's Initial § 1782 Application

On February 7, 2024, MSR filed an Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.  ECF No. 1.  MSR sought subpoenas for bank records of Caribbean Galaxy, Ying Jin, Timothy Harris and others who played a key role in the Caribbean Galaxy CBI scheme for use in MSR's defense in the Foreign Defamation Proceedings.  MSR contended that those bank records are likely to demonstrate the truth of MSR's claims about corrupt payments to St. Kitts and Nevis officials and illegal underselling of CBI shares by Caribbean Galaxy.  The Court granted that application, holding that MSR satisfied the statutory requirements of § 1782 and that the discretionary *Intel* factors also weighed in favor of discovery.  ECF No. 7.

In a series of motions, the Caribbean Galaxy Parties and Timothy Harris sought to intervene and quash the subpoenas.  ECF Nos. 10 (Harris Motion); ECF No. 14 (Caribbean Galaxy Parties' Joinder); ECF No. 20 (Caribbean Galaxy Parties' Motion); ECF No. 21 (Harris Joinder); ECF No. 26 (Caribbean Galaxy Parties' Motion); ECF No. 27 (Harris Joinder).  Throughout the motion to quash briefing, the Caribbean Galaxy Parties and Timothy Harris (collectively, the "Intervenors") principally argued that the subpoenas should be quashed because, as parties in the Foreign Defamation Proceedings, they were entitled to notice under Federal Rule of Civil Procedure 45(a)(4) before MSR served the banks with the subpoenas.  With respect to § 1782, Intervenors argued that St. Kitts and Nevis law did not allow "fishing expeditions" and would not permit the

3

introduction of bank record evidence after MSR already had submitted its Defense pleading. *See* ECF No. 34 at 3–4 (Court's June 7, 2024 Order summarizing Intervenors' arguments). Intervenors submitted declarations from St. Kitts and Nevis attorney John Carrington, ECF Nos. 10-1, 17-1, in which he made claims about whether the bank records would be discoverable, admissible, or relevant in the Foreign Defamation Proceedings.

On June 7, 2024, the Court granted the Intervenors' motion to quash. The Court concluded that the Intervenors were entitled to notice, while noting that § 1782 is silent on the notice issue and a 2017 decision from the Eastern District of Virginia is "the only case we've found on this issue." ECF No. 34 at 13. Moreover, the Court recognized "[t]his is not a well-developed area of the law, and this Order shouldn't be construed as a browbeating." *Id.* at 16 n.9. As to whether MSR had satisfied the requirements of § 1782, the Court previewed its assessment of Intervenors' contention that the discovery is not "for use" in the Foreign Defamation Proceedings:

> To be clear, we're quashing the subpoenas and vacating our February 8, 2024, Order *only* because (1) the Applicants failed to comply with Rule 45(a)(4), and (2) we have concerns about the scope of the discovery we permitted. But we *aren't* persuaded by Harris and Caribbean Galaxy's § 1782 argument—*viz.*, that "the information sought cannot be 'for use' in the defamation proceeding because the law of St. Kitts and Nevis would not have allowed Applicants to request information of Movant or any third party to support the defamatory allegations made in relation to Movant at the time of publication." Motion to Quash at 2. Far from being engaged in a "fishing expedition," *ibid.*, the Applicants are the *defendants* in the St. Kitts and Nevis proceedings. And, even if John Carrington (Harris and Caribbean Galaxy's expert) turns out to be right—and the St. Kitts and Nevis court doesn't admit the evidence the Applicants seek to discover here—his assertions are far from conclusive. *See generally* Carrington First and Second Declarations [ECF Nos. 10-1 & 17-1]. That's significant because, "[i]n the absence of '*authoritative proof*' that a foreign tribunal would reject evidence obtained with the aid of section 1782,' a district court should err on the side of permitting discovery." *In re Kreke Immobilien KG*, 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (emphasis added)). It's also been our general practice, when there's some genuine debate about the ultimate admissibility of § 1782 evidence, to allow the discovery to proceed. *See In Re Bernal*, 2018 WL 6620085, at *5 (S.D. Fla. Dec. 18, 2018) (Torres, Mag. J.) (noting—in an analogous § 1782 dispute—that "the

4

Spanish Court, rather than this Court, should decide whether additional evidence is admissible, and it will be in a better position to do so if [the § 1782 applicant] is permitted to conduct the requested discovery first"). In short, while Harris and Caribbean Galaxy are free to challenge any future § 1782 Application the Applicants may file, we're putting them on notice now that we aren't persuaded by the "for use" contentions they've advanced thus far.

ECF No. 34 at 6 n.6.

### C.    MSR's Renewed § 1782 Application

On June 14, MSR filed a Renewed Application for § 1782 discovery.  ECF No. 35.  MSR served Intervenors with the filing and the proposed bank subpoenas, eliminating the notice issue that had been the basis for the Court's order granting the motion to quash.  In its Renewed Application, MSR demonstrated how the § 1782 statutory requirements were met, including the requirement that the discovery be "for use" in the foreign proceeding, and why the discretionary *Intel* factors weighed strongly in favor of discovery.  *Id.*  By this time, MSR had filed the U.S. civil RICO action previewed in the allegedly defamatory pre-action letter.  *MSR Media SKN Ltd. v. Khan*, No. 8:24-cv-01248 (M.D. Fla.) (filed May 23, 2024).

The Court assigned resolution of the Renewed Application to Magistrate Judge Reinhart. ECF No. 36.  In their Oppositions, Intervenors focused on § 1782's requirement that the discovery be "for use" in the foreign proceeding.  They argued, as before, that this requirement is not met because, according to St. Kitts and Nevis attorney John Carrington, parties who assert a justification defense in a St. Kitts and Nevis defamation proceeding must plead the particulars in their defense rather than use discovery as a "fishing expedition" to establish a defense.  ECF No. 38 (Harris Opp.) at 4–9; ECF No. 39 (Caribbean Galaxy Parties' Opp.) at 7–10.  Mr. Carrington contended that a defendant in a defamation proceeding in St. Kitts and Nevis is not "allowed to serve interrogatories" on the plaintiff "in order to fish for a defence of justification."  ECF No. 38–1, ¶ 18 (internal quotation and citation omitted); *see also id.* ¶ 19 (citing a case where the defendant

was "refused permission to allow interrogatories before he pled/disclosed his defence"). Similarly, Mr. Carrington asserted that "Norwich Pharmacal" Orders, which are used to obtain *pre-action* disclosure of defamatory material from a third party, are not granted if the court "finds that the application is being used to engage in a fishing expedition." *Id.* ¶¶ 23, 24, 26. Thus, despite having been put on notice that the Court was not persuaded by their "for use" arguments, Intervenors simply advanced the same ineffective argument.

In response, MSR argued that, as this Court noted in its June 7 Order, "[f]ar from being engaged in a 'fishing expedition,' the Applicants are the *defendants* in the St. Kitts and Nevis proceedings," ECF No. 34 at 6 n.6, and they submitted detailed defenses in those proceedings *before* seeking the § 1782 discovery, ECF Nos. 35-7, 35-8. ECF No. 40 at 2. Thus, contrary to Mr. Carrington's claim, "[t]hey are not seeking *pre-action* discovery from plaintiffs in order to plead a defense, or even to plead the particulars of the defense." *Id.* Rather, "[a]s is always the case with discovery, they seek evidence to support the claims already made in the defense. *See* ECF No. 38-1 ¶ 18. Unlike the litigants in the cases cited by Mr. Carrington, Applicants are not seeking discovery *before* filing a defense." *Id.* Thus, MSR argued, given "the absence of *authoritative proof* that a foreign tribunal would reject evidence obtained with the aid of section 1782," discovery should be permitted. *See* ECF No. 34 at 6 n.6 (internal quotation and citation omitted).

### D.    *Judge Reinhart's July 23 § 1782 Order*

On July 23, Judge Reinhart entered his order authorizing the § 1782 discovery. ECF No. 42. He noted that the "salient facts, procedural history, and applicable law are summarized in Judge Altman's Orders at ECF Nos. 7 and 34" and "will not be repeated here." *Id.* at 1. Judge Reinhart first concluded that MSR satisfied the § 1782 statutory requirements. With respect to the only statutory requirement in dispute, the "for use" requirement, he quoted the Court's caution

from footnote 6 of its June 7 order (ECF No. 34), in which the Court advised Intervenors that their "for use" arguments were not persuasive.  ECF No. 42 at 2.  As Judge Reinhart observed, the "Intervenors took Judge Altman up on his invitation to challenge the Renewed Application, but they make materially identical arguments," and concluded, "[l]ike Judge Altman, I reject the Intervenors' argument that the evidence is not being sought for use in a proceeding in a foreign or international tribunal."  *Id.* at 3 (internal citation omitted).

In their opposition to the Renewed Application, the Caribbean Galaxy Parties argued that the third *Intel* factor – whether the foreign discovery is an attempt to circumvent foreign proof-gathering restrictions or other policy of a foreign country – weighed against discovery.  Their *only* argument as to this factor was that "Applicants could have issued third-party discovery requests directly to St. Kitts-Nevis-Anguilla National Bank Limited in the defamation proceedings" but "instead attempt[ed] to circumvent St. Kitts and Nevis's proof-gathering restrictions by resorting immediately to § 1782 and seeking overbroad subpoenas."  ECF No 39 at 12–13.  Because "Intervenors have not pointed to anything in the laws of St. Kitts and Nevis that would prohibit the Applicants from gathering the requested discovery," Judge Reinhart ruled that the third *Intel* factor supports discovery.  ECF No. 42 at 6.

With respect to the fourth *Intel* factor—whether the proposed discovery is unduly burdensome or intrusive—Judge Reinhart ruled that "[f]inancial transactions among the alleged conspirators (referenced as 'the Relevant Parties' in the subpoenas) are relevant to show the existence of a conspiracy as asserted in the alleged-defamatory letter.  *Id.* at 7.  Addressing Intervenors' concerns about overbreadth, Judge Reinhart narrowed the requests so they no longer seek documents related to financial transactions between the Relevant Parties and third parties.  *Id.* at 7–8.

Finally, Judge Reinhart denied the Caribbean Galaxy Parties' fallback request for a confidentiality order and a similar request made by Intervenor Harris. *Id.* at 8–11. In their opposition to the Renewed § 1782 Application, the Caribbean Galaxy Parties included a final paragraph which sought, as an alternate form of relief, an order that documents produced in response to the requested subpoenas "be subject to a confidentiality order," which also limited the documents' use to the Foreign Defamation Proceedings. ECF No. 39 at 19. Judge Reinhart ruled that "Intervenors have not met their burden of showing good cause for a protective order." ECF No. 42 at 10. He "decline[d] to prophylactically limit how any Section 1782 evidence can be used in other judicial proceedings," reasoning that "[t]hose decisions are best left to the courts where those proceedings occur." *Id.* at 9.

### E.      The Caribbean Galaxy Parties' Motion for Reconsideration

On the day Rule 72(a) objections to the July 23 Order were due (August 6), the Caribbean Galaxy Parties filed a motion for reconsideration. ECF No. 44. The motion asserted that reconsideration was warranted because of supposed "newly discovered evidence," consisting of statements Mr. Martinez made on April 19 and June 6, 2024. *Id.* at 2–4. Both statements predated Applicants' June 14, 2024, Renewed Application (ECF No. 35), and therefore also predated Intervenors' June 28, 2024, opposition brief (ECF No. 39). The motion for reconsideration offered no authority to support characterizing public statements available well before the July 23 Order as "newly discovered evidence." The motion did not state when Intervenors discovered the statements or why they could not be discovered before the July 23 Order. *See* ECF No. 44 at 3 n.1 (stating only that the "Caribbean Galaxy Parties did not learn of these statements until after the Renewed Application was briefed."). *See* ECF No. 51 (MSR Opp.) at 2–4.

In any event, the two "newly discovered" statements at most showed what was already well known to Judge Reinhart, namely, that § 1782 discovery obtained for the Foreign Defamation

Proceedings also might be used in the U.S. civil RICO action referenced in the pre-action letter that gave rise to those foreign proceedings. *Id.* at 4–8. Not surprisingly, given that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly," *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002), Judge Reinhart denied the motion for reconsideration. ECF No. 54. Judge Reinhart concluded he did not need to decide whether the two statements constituted newly discovered evidence because, "[e]ven assuming the new evidence is newly discovered, it does not warrant a different result." *Id.* at 2. "As my July 23 Order reflects, I was aware that the Applicants intended to use some of the § 1782 discovery in the Middle District of Florida case." *Id.* As Judge Reinhart explained, the two statements do not refute that MSR also intends to use the discovery in the proceedings in St. Kitts and Nevis, noting that the "Eleventh Circuit has said that this kind of dual intention does not preclude a party from invoking § 1782." *Id.* (citing *Glock v. Glock, Inc.*, 797 F.3d 1002, 1010 (11th Cir. 2015)).

## STANDARD OF REVIEW

"Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). A finding is clearly erroneous, when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325,

1351–52 (11th Cir. 2005). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Ramones v. Experian Info. Sols., LLC*, No. 19-cv-62949, 2021 U.S. Dist. LEXIS 13025, at *2 (S.D. Fla. Jan. 22, 2021).

As this Court explained *in Zagg Inc. v. TX Trading, Inc.*, No. 23-cv-20304, 2024 U.S. Dist. LEXIS 76193 (S.D. Fla. Apr. 25, 2024), the clear error standard is an "exacting standard." *Id.* at *2 (quoting *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)). "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 3 (quoting *Cox Enters., Inc.*, 794 F.3d at 1272 n.92). And, "even to the extent the 'contrary to law' standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused." *Zagg Inc.*, 2024 U.S. Dist. LEXIS 76193, at *7 (internal citation and quotation omitted). The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue. *Georgia State Conf. of Branches of NAACP v. Georgia*, 775 F.2d 1403, 1416 (11th Cir. 1985); *accord Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2008 U.S. Dist. LEXIS 85483, at *5 (S.D. Fla. Oct. 2, 2008).

## ARGUMENT

### I. The July 23 § 1782 Order Is Not Clearly Erroneous or Contrary to Law.

#### A. The July 23 § 1782 Order Is Not Contrary to Law Because Judge Reinhart Correctly Interpreted and Applied the § 1782 Statutory Requirements.

An application under § 1782 must make four threshold showings:

"(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal';

> and (4) the person from whom discovery is sought must reside or be found in the
> district of the district court ruling on the application for assistance."

*In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007); 28 U.S.C. § 1782(a).  In their objections, the Caribbean Galaxy Parties contend only that Judge Reinhart's "application of § 1782's 'for use' requirement was contrary to law."  ECF No. 57 at 3.  They do not, however, identify any misapplication of law in the July 23 § 1782 Order.  Instead, they attempt to make hay out of Mr. Martinez' April 19, 2024, and June 6, 2024, statements that were the subject of their motion for reconsideration.  *See* ECF No. 57 at 3–4.  To make matters worse, they extensively quote an August 1, 2024, interview that is not part of the record on review of *either* the July 23 § 1782 Order *or* the August 27 Reconsideration Order.  *Id.* at 4–5 n.1.

Tellingly, the Caribbean Galaxy Parties abandon the argument they made in their opposition to the Renewed Application.  As noted, their opposition relied extensively on the Carrington declaration and their mistaken view that St. Kitts and Nevis defamation law foreclosed discovery in aid of a justification defense.  *See generally* ECF No. 39 at 7–10.  As Judge Reinhart correctly ruled, the discovery need only be "for use" in the foreign proceeding and need not be admissible.  ECF No. 42 at 3 (citing *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015); *In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *5 (S.D. Fla. Dec. 18, 2018).  The Caribbean Galaxy Parties' Rule 72 objections as to the "for use" requirement make no mention of St. Kitts and Nevis defamation law or Mr. Carrington's declaration.  Their opposition did *not* argue, as they elliptically do now, that discovery that also can be used in a U.S. proceeding cannot be deemed "for use" in a foreign proceeding, a position which in any event finds no support in the case law.  *Compare* ECF No. 39 at 7–10 (Opp.) *with* ECF No. 57 (at 3–7).

The Caribbean Galaxy Parties may not object to the July 23 § 1782 Order by making arguments they did not make in their briefing that preceded that order.  *See, e.g.*, *In re Keurig*

*Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403–04, 405 (S.D.N.Y. 2020) (explaining that "new arguments" and "factual assertions" not originally presented to the magistrate judge may not be raised as objections under Rule 72(a) of the Federal Rules of Civil Procedure) (collecting cases); *see also Maale v. Kirchgessner*, No. 08-cv-80131, 2010 U.S. Dist. LEXIS 151774, at *10 (S.D. Fla. Apr. 27, 2010) (declining in reviewing Rule 72(a) objections to consider arguments not presented to the magistrate judge).  The arguments made in support of the motion for reconsideration are relevant only to determining whether the August 27 Reconsideration Order was clearly erroneous or contrary to law, and for the reasons stated in Part II below, it was not.  In any event, at most, the statements cited in the reconsideration motion showed that the discovery also may of use in the U.S. proceeding.  As Judge Reinhart correctly found, the so-called "new evidence" "does not refute that [MSR] also intend[s] to use [the § 1782 discovery] in proceedings in St. Kitts and Nevis."  ECF No. 54 at 2.

The Caribbean Galaxy Parties repeatedly cite *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015).  ECF No. 57 at 1, 4–6, 8, 9, 10.  And, unwilling to say so directly, they imply that the July 23 § 1782 Order is contrary to the Eleventh Circuit's holding in that case.  But *Glock* squarely supports the decision to permit discovery here.  The applicant in that case, Helga Glock, had obtained § 1782 discovery for use in her foreign divorce proceeding, but that discovery was governed by a protective order which limited its use.  Ms. Glock subsequently brought a civil RICO action against her ex-husband in the United States and sought leave from the § 1782 court to use the discovery in the civil RICO action.  The district court denied her request, and the Eleventh Circuit reversed, holding that the protective order did not limit the § 1782 discovery's use in the civil RICO action and that "§ 1782 does not preclude, as a matter of law, the use of

evidence procured pursuant to it in subsequent United States civil litigation." *Glock*, 797 F.3d at 1010.

The Court of Appeals reasoned that a "party may *use* evidence—whether or not it is *admissible* in court under the Federal Rules of Evidence—to develop a theory of the case, to prepare a complaint, to lead it to admissible evidence, to help it to settle a case, and to accomplish other aspects of prosecuting or defending a case." *Id.* at 1007. "Our system does not require a party to 'rediscover' evidence that it has properly obtained, so the substantive United States court's authority is not implicated prior to the filing of the subsequent lawsuit. And once the substantive case has been filed, it is the substantive United States court that makes all decisions regarding the admissibility of evidence." *Id.* at 1009. Nowhere does *Glock* say that the potential use of § 1782 discovery in U.S. litigation supports a conclusion that the discovery is not "for use" in the foreign proceeding. To the contrary, *Glock* acknowledges that § 1782 discovery may indeed have dual uses. Accordingly, *Glock* is of no help to the Caribbean Galaxy Parties in their assertion that the July 23 § 1782 Order was contrary to law.

The Caribbean Galaxy Parties then resort to language in *Glock*'s discussion of the third discretionary *Intel* factor (ECF 57 at 4–5):

> We acknowledge that a § 1782 applicant could attempt to abuse the statute to obtain documents outside the discovery procedures set forth in the Federal Rules of Civil Procedure. *But it naturally follows from the existence of the third Intel factor that this kind of subterfuge is a valid reason to reject a § 1782 application in the first place.* Parties concerned in a particular case that a § 1782 applicant is attempting to use foreign litigation as a ruse for obtaining discovery in the United States without complying with the usual procedures of the Federal Rules of Civil Procedure can and should bring evidence of such chicanery to the § 1782 court's attention.

Glock, 797 F.3d at 1009 (emphasis added). Improperly trying to convert a discretionary factor into a statutory requirement, the Caribbean Galaxy Parties assert: "While *Glock* laid out these ground rules in discussing the third *Intel* factor, it also made plain that the same inquiry governs

13

district courts' analysis of the statutory 'for use' factor." ECF No. 57 at 5; *see also id.* at 8 (citing *Glock* for the proposition that the third *Intel* factor is "pertinent at . . . the statutory phase of the § 1782 inquiry"). But *Glock* says no such thing. It simply observes that the third *Intel* factor provides a vehicle for denying, as a discretionary matter, a § 1782 application, where the court believes that the foreign litigation is simply a ruse for obtaining U.S. discovery. Therefore, contrary to the Caribbean Galaxy Parties' assertion, Judge Reinhart did not "ignore" any "instruction from *Glock*," when deciding the discovery was "for use" in the Foreign Defamation Proceeding. *Id.* at 5.

The Caribbean Galaxy Parties also fault Judge Reinhart because he "never discussed, distinguished, or even cited" *In re Postalis*, 2018 U.S. Dist. LEXIS 215005 (S.D.N.Y. Dec. 20, 2018). ECF No. 57 at 7 n.6. They claim that, in that case, the district court "denied § 1782 relief in materially identical circumstances." *Id. In re Postalis* is a case they cited in passing in their opposition in support of a non-existent "Sixth" *Intel* factor. ECF No. 39 at 18. Leaving aside that *Postalis* is not controlling authority, it also is inapposite. In *Postalis*, the applicant filed lawsuits against Bank of New York Mellon ("BNY Mellon") subsidiaries in Brazilian courts and sought § 1782 discovery for use in a case against the BNY Mellon parent company in the United States. The court found that the applicant's "assertions that the requested discovery is for use in the Brazilian proceedings are not credible." *Postalis*, 2018 U.S. Dist. LEXIS, at *10. The "scope of [the] discovery request show[ed] that the evidence Postalis seeks is not for use in a foreign proceeding. The subpoena [was] not targeted towards the conduct and knowledge of the BNY Mellon subsidiaries, but rather, focus[es] on the conduct and knowledge of BNY Mellon . . . even though BNY Mellon is not a party in any of the Brazilian litigations." *Id.* at *11. Here, in contrast, MSR did not bring the Foreign Defamation Proceedings, so those proceedings` cannot be deemed

14

a "ruse" for obtaining U.S. discovery, and the discovery sought is directly relevant to the Foreign

Defamation Proceedings.

> **B.**    ***Judge Reinhart Did Not Abuse His Discretion in Applying the Discretionary Intel Factors.***

Once the court has determined that a § 1782 application meets the four statutory

requirements, the court may grant discovery in its discretion.  *See Intel Corp. v. Advanced Micro*

*Devices, Inc.*, 542 U.S. 241, 264 (2004); *In re Clerici*, 481 F.3d at 1333–34.  The Supreme Court

has enumerated the following non-exhaustive factors to guide the court's discretionary decision-

making:  "whether the person from whom discovery is sought is a participant in the foreign

proceeding," the "nature of the foreign tribunal, the character of the proceedings underway abroad,

and the receptivity of the foreign government or the court or agency to U.S. federal-court judicial

assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States"; and (4) whether

the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.  In his July

23 § 1782 Order, Judge Reinhart ruled that the first three *Intel* factors weighed in favor of

discovery.  ECF No. 42 at 4–6.  With respect to the fourth factor, Judge Reinhart narrowed the

subpoenas so that they no longer requested records of transactions between the Relevant Parties

and third parties and then concluded that the as-modified subpoenas also satisfied the fourth *Intel*

factor.  *Id.* at 7–8.

Judge Reinhart did not abuse his discretion when concluding that the *Intel* factors favored

discovery.  As to the third *Intel* factor, the Caribbean Galaxy Parties first argue that the discovery

violated proof-gathering restrictions of the United States.  ECF No. 57 at 8–10.  Here, they again

rely on the dicta in *Glock* about how the third *Intel* factor provides a basis for denying § 1782

discovery where the foreign proceeding is a mere ruse for obtaining U.S. discovery.  *Id.* at 9.  As

this Court already has noted, Mr. Martinez and MSR Media are *defendants* in the Foreign Defamation Proceedings.  ECF No. 34 at 6 n.6.  The Foreign Defamation Proceedings are not some "ruse" or "chicanery" orchestrated by MSR.  The Caribbean Galaxy Parties and Harris initiated those actions.  Not is it a "ruse" or "chicanery" for MSR to seek discovery that would show that alleged defamatory statements about corruption and illegal underselling by the Caribbean Galaxy Parties are in fact true.  It certainly is not clear error for Judge Reinhart to have concluded, in the exercise of his discretion, that the third *Intel* factor weighed in favor of discovery.

The Caribbean Galaxy Parties also argue that the discovery was an attempt to circumvent St. Kitts and Nevis proof gathering restrictions, citing the very Carrington declaration this Court previously found unpersuasive.  ECF No. 34 at 6 n.6.  Indeed, the Carrington declaration does not identify any St. Kitts and Nevis prohibition on MSR seeking discovery in support of defenses it has asserted in the litigation.  MSR is not engaged in a pre-action fishing expedition.  *See id.*  The Caribbean Galaxy Parties go so far as to argue that Judge Reinhart's order is contrary to law because it is supposedly contrary to St. Kitts and Nevis law, ECF No. 57 at 11–12, but fail to identify a single contrary statute or case, let alone any "authoritative proof" that the St. Kitts and Nevis court would reject the evidence obtained from the discovery.  *See* ECF No. 34 at 6 n.6.

With respect to the fourth *Intel* factor, which considers overbreadth, the Caribbean Galaxy Parties counter-factually assert that Judge Reinhart "failed to consider the proposed subpoenas' overbreadth," ECF No. 57 at 12, when he instead stated, "I find that the subpoenas as drafted are overbroad."  ECF No. 42 at 7.  They then note that the "proposed subpoenas 'sweep in transactions with third parties that have no relationship to the CBI program,'" quoting the very July 23 Order where Judge Reinhart concluded the subpoenas were overbroad and modified the subpoenas, so

16

they no longer included transactions with third parties.  ECF No. 57 at 12 (quoting ECF No. 42 at 7).

The Caribbean Galaxy Parties then wildly assert that, "perhaps most importantly, they seek records of bank transactions in U.S. dollars – information that can *only* be relevant to establish U.S. contacts to argue jurisdiction."  *Id.* at 12 (emphasis added).  There are two flaws with this argument:  (1) it was not made to the magistrate judge; and (2) it is transparently false.  One of the banks already has produced records showing substantial U.S. dollar payments from Caribbean Galaxy to entities controlled by Leslie Khan, former head of the SKN CBI Unit, while he was head of the CBI Unit.  That evidence is highly relevant to MSR's defense in the defamation proceeding because it corroborates the truth of the allegedly defamatory letter alleging fraud and corruption in the CBI program.  And, because they are parties to the Foreign Defamation Proceedings, the Caribbean Galaxy Parties know full well that such evidence already is being relied on by MSR in its defense.  In addition to providing evidence of corrupt payments, which would show the truth of statements in the allegedly defamatory letter, the bank records also are sought to corroborate the truth of statements in the allegedly defamatory letter that Caribbean Galaxy orchestrated a scheme of underselling CBI shares, shares which are priced in U.S. dollars.  *See* ECF No. 35–4 (Third Decl. of Damian E.S. Kelsick), ¶¶ 10, 11, 15, 21, 22.  Thus, the Caribbean Galaxy Parties' claim that the bank records of U.S. dollar transactions only have relevance to the U.S. civil RICO suit is demonstrably wrong.

The Caribbean Galaxy Parties also claim that subpoenas are overbroad because they seek bank records going back to 2018.  ECF No. 57 at 12.  In their Initial Application, MSR had sought bank records going back to 2015, but then narrowed that request to address the Court's concern about overbreadth.  The current subpoenas are not overbroad.  The allegedly defamatory letter

refers to a CBI underselling scheme that occurred during Timothy Harris' and Leslie Khan's administrations, which dated back before well before 2018.  *See* ECF No. 35–5 at 16.

### C.     *Judge Reinhart Did Not Abuse His Discretion in Denying Protective Order Relief.*

The Caribbean Galaxy Parties next contend that Judge Reinhart's denial of a protective order was contrary to law.  ECF No. 57 at 13–14.  As an initial matter, it bears emphasis that the Caribbean Galaxy Parties did not separately move for a protective order.  Instead, they tacked on a request for protective order in a concluding paragraph to their opposition to the Renewed § 1782 Application.  ECF No. 39 at 19.  They cited a single case from another jurisdiction and simply conclusorily asserted that any documents produced should be kept confidential and their use limited to the St. Kitts and Nevis defamation proceedings.  *Id.*

As discussed in Part I.A., *Glock* does not require a protective order restricting use to the foreign proceeding.  *Glock*, 797 F.3d at 1010.  Moreover, Judge Reinhart did not err in concluding that the courts in which the discovery is to be used are best equipped to determine whether confidentiality orders should be entered and the scope of such orders.  *See* ECF No. 42 at 9.  Personal identifying information, about which the Caribbean Galaxy Parties for the first time express concern, is routinely redacted from public filings and any protective order entered in the Foreign Defamation Proceedings or the U.S. civil RICO case can protect the confidentiality of such information.

## II.    Judge Reinhart's August 27 Reconsideration Order Is Not Clearly Erroneous or Contrary to Law.

The Caribbean Galaxy Parties offer no explanation for why the August 27, 2024, Reconsideration Order was clearly erroneous or contrary to law.  Accordingly, their objections to that order should be overruled.  They do not dispute Judge Reinhart's conclusion that reconsideration is "an extraordinary remedy which must be used sparingly."  *See* ECF No. 54 at 1

(internal quotation and citation omitted).  They do not explain how their motion satisfied their burden of demonstrating that the evidence is: "(1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." *Reed v. Royal Caribbean Cruises Ltd.*, No. 19-24668-CIV, 2021 WL 2592888, at *11 (S.D. Fla. May 3, 2021) (internal quotations and citations omitted). *See also* ECF No. 51 at 2–4.

Nor do they explain how Judge Reinhart erred in concluding that the "new evidence" was of no import, as it was cumulative of assertions previously made by the Caribbean Galaxy Parties that the discovery may also be relevant to the U.S. civil RICO case.  *See* ECF No. 54 at 2 ("Even assuming the new evidence is newly discovered, it does not warrant a different result.").

## CONCLUSION

Neither Judge Reinhart's July 23 § 1782 Order nor his August 27 Reconsideration Order was clearly erroneous or contrary to law, and the Caribbean Galaxy Parties' objections to those orders therefore should be overruled and denied.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/ Lisandra Ortiz*
Lisandra Ortiz, Esq. (Bar No. 112108)
William P. Barry (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5841
Facsimile: (202) 626-5801
Email: lortiz@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: September 17, 2024

19

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, a true and correct copy of the foregoing

document was electronically transmitted to all counsel of record via the CM/ECF system.


/s/ Lisandra Ortiz
Lisandra Ortiz, Esq.